COLEMAN v. ST. MICHAEL'S PROTESTANT EPISCOPAL CHURCH.

(Supreme Court, Appellate Division, First Department. December 3, 1915.)

CEMETERIES ☞21—PROPRIETORS—DUTIES.

    A religious corporation owning land dedicated to cemetery purposes, and which is by Religious Corporations Law (Consol. Laws, c. 51) § 7, authorized to sell burial lots subject to the restrictions imposed in the instrument of dedication, is not liable to the purchasers of such lots for the theft of bodies by third persons; there being no implied or statutory covenant to maintain a watchman.

    [Ed. Note.—For other cases, see Cemeteries, Cent. Dig. § 23; Dec. Dig. ☞21.]

Appeal from Special Term, New York County.

Action by Marcus B. Coleman against St. Michael's Protestant Episcopal Church. From an order (90 Misc. Rep. 118, 153 N. Y. Supp. 445) denying defendant's motion for judgment on the pleadings and dismissing the complaint, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and SMITH, JJ.

Bowers & Sands, of New York City (W. H. Van Benschoten, of New York City, of counsel, and W. H. Dannat Pell, of New York City, on the brief), for appellant.

Eugene I. Gottlieb, of New York City, for respondent.

SMITH, J. The defendant is a religious corporation owning land dedicated to cemetery purposes. By section 7 of the Religious Corporations Law a religious corporation holding lands for such purpose "may sell and convey lots in such cemetery for burial purposes, subject to such conditions and restrictions as may be imposed by the instrument by which the same was acquired, or by the rules and regula-

tions adopted by such corporation." The complaint alleged that this plaintiff on the 2d day of October, 1913, entered into an agreement with the defendant whereby, in consideration of the sum of $25, the defendant agreed to bury and inter the body of one Lawrence Smith, a brother of the plaintiff, in its cemetery, and that pursuant to said agreement such body was so buried; that thereafter said body was stolen from the grave by certain people unknown to the plaintiff. It is further alleged that the defendant owed a duty to the plaintiff to guard and protect said grave from such theft, and by reason of the violation of that duty the plaintiff has suffered great mental anguish and damages. The defendant's answer was served, and a motion made by the defendant for judgment on the pleadings, which was denied, and from the order denying such motion this appeal is taken.

The complaint does not allege any contract by the defendant corporation to guard and protect the graves in its cemetery; the statute under which the defendant is incorporated and permitted to hold such lands and sell plots therefrom imposes no such duty; and the plaintiff's cause of action, if any, must rest upon some implied duty of any corporation selling lots for burial purposes to protect from theft the graves placed therein. The theft of a dead body is an unusual occurrence. Such a duty would involve a large expenditure of money in order to secure the graves from molestation by outsiders. Without contract obligation to protect these graves, and without statutory duty so to do, it is difficult to conceive any reasonable grounds from which such a duty can be implied. We are referred to no authority, and are able to find none, in which such a duty has been declared to exist, and in our opinion so to hold would cast an unreasonable burden upon such corporation, entirely out of proportion to any compensation that they would be able to charge for the sale of burial plots.

The order appealed from should therefore be reversed, with $10 costs and disbursements to appellant, and the motion for judgment upon the pleadings granted, with $10 costs. All concur.