(173 App. Div. 89)

### HASSELBACH v. MT. SINAI HOSPITAL.

(Supreme Court, Appellate Division, First Department. June 2, 1916.)

1. HOSPITALS ⊂⇒7—DISSECTION OF DEAD BODY—LIABILITY.
    Defendant hospital owed no absolute duty to deceased's wife to prevent his body from being dissected in the hospital by persons pursuing an independent calling and not in defendant's employ or acting under its direction or with its consent.

    [Ed. Note.—For other cases, see Hospitals, Cent. Dig. § 13; Dec. Dig. ⊂⇒7.]

2. DEAD BODIES ⊂⇒1—RIGHT OF POSSESSION AND DISPOSITION.
    In the absence of a contrary testamentary disposition, the surviving spouse or next of kin has a right to the possession of the deceased's body for purposes of preservation and burial.

    [Ed. Note.—For other cases, see Dead Bodies, Cent. Dig. §§ 1, 2; Dec. Dig. ⊂⇒1.]

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. DEAD BODIES** &#9672;9—OFFENSES.

The right to the possession of a dead body is infringed upon by one who unlawfully mutilates the body without the consent of the person entitled to its possession.

[Ed. Note.—For other cases, see Dead Bodies, Cent. Dig. §§ 13, 14; Dec. Dig. &#9672;9.]

**4. DEAD BODIES** &#9672;9—CIVIL LIABILITY FOR ILLEGAL ACT.

Damages for the mental suffering caused by the unlawful mutilation of a dead body may be recovered against the party who commits, or causes to be committed, such mutilation.

[Ed. Note.—For other cases, see Dead Bodies, Cent. Dig. §§ 13, 14; Dec. Dig. &#9672;9.]

**5. HOSPITALS** &#9672;7—WRONGFUL DISSECTION—CRIMINAL PROSECUTION.

Penal Law (Consol. Laws, c. 40) § 2214, forbidding the dissection of dead bodies except in certain cases, does not apply to a hospital in which an autopsy was performed, but which did not itself make the dissection, or cause it to be made.

[Ed. Note.—For other cases, see Hospitals, Cent. Dig. § 13; Dec. Dig. &#9672;7.]

**6. DEAD BODIES** &#9672;9—DISSECTION OF DEAD BODY—LIABILITY.

Damages awarded for a dead body's mutilation are not given for the injury done the body as property, because there are no property rights, in the ordinary sense, in a dead body.

[Ed. Note.—For other cases, see Dead Bodies, Cent. Dig. §§ 13, 14; Dec. Dig. &#9672;9.]

Appeal from Special Term, New York County.

Action by Clara M. Hasselbach against the Mt. Sinai Hospital. From an order sustaining a demurrer to a separate defense, defendant appeals. Order reversed, and demurrer overruled, with leave to plaintiff to amend the complaint.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Alfred H. Townley, of New York City, for appellant.
Edward N. Perkins, of New York City, for respondent.

SCOTT, J. The hearing upon the demurrer to the separate defense was brought on as a contested motion, and the demurrer sustained. Upon the hearing of that motion, and upon this appeal, the defendant seeks not only to sustain the defense demurred to, but also attacks the sufficiency of the complaint. The action is by a widow for damages by reason of an unauthorized autopsy performed upon her husband's body after he had died in defendant's hospital. After alleging defendant's incorporation and its maintenance of an hospital, the plaintiff shows that her husband was received therein as a paying patient in March, 1914, and that, after an operation had been performed on him, he died in said hospital on March 17, 1914. Then follow the allegations upon which it is sought to hold defendant liable for damages. They read as follows:

"Seventh. Upon information and belief, thereupon the body of the said Robert Hasselbach was, and until its removal hereinafter mentioned from the said hospital remained, under the care, management, and control, and in the possession and custody, of the defendant, subject to the rights of the plaintiff in respect of the said body.

"Eighth. Upon information and belief, thereafter and in the said hospital owned, managed, and controlled by the defendant as aforesaid, and while the said body was in the possession and under the control of the defendant as aforesaid, there was wantonly, unlawfully, and in violation of the rights of this plaintiff, and in violation of the Penal Law of this state, performed and perpetrated upon the body of the plaintiff's said late husband a post mortem operation or autopsy."

The separate defense demurred to reads as follows:

"III. The defendant alleges that at all the times mentioned in the complaint it was and still is a benevolent and charitable corporation, organized under chapter 319 of the Laws of 1848, 'An act for the incorporation of benevolent, charitable, scientific and missionary societies,' and as such corporation maintained for charitable and benevolent purposes the hospital referred to in the complaint herein, and that the person or persons performing the acts complained of in the complaint herein were not servants or agents of the defendant, and at the time such acts were performed were pursuing an independent calling, and were not then acting under the direction or instruction of the defendant."

[1] It will be seen that not only does the plaintiff fail to allege that the autopsy was performed by the defendant, or by any of its servants, or by its consent, knowledge, privity, or procurement, but she expressly admits by her demurrer that the person or persons performing the autopsy were not servants or agents of the defendant, and at the time the autopsy was performed were pursuing an independent calling, and were not then acting under the direction or instruction of the defendant. The question is therefore squarely presented whether or not the defendant owed an absolute duty to plaintiff to protect her husband's body against a post mortem autopsy by any person whomsoever, and to deliver said body to her in the same condition that it was immediately after death. The plaintiff insists that defendant was under such a duty. We do not so understand the law. Certainly no reported case has gone to this extent.

[2-4] It is well settled that, in the absence of a contrary testamentary disposition, the right to the possession of the body of one who has died belongs to the surviving husband or wife or next of kin for purposes of preservation and burial, and that this right is infringed upon by any one who unlawfully mutilates such a body without the consent of the person entitled to the possession thereof (Darcy v. Presbyterian Hospital, 202 N. Y. 259, 95 N. E. 695, Ann. Cas. 1912D, 1238; Foley v. Phelps, 1 App. Div. 551, 37 N. Y. Supp. 471; Larson v. Chase, 47 Minn. 307, 50 N. W. 238, 14 L. R. A. 85, 28 Am. St. Rep. 370), and for a violation of this right damages may be recovered for the injury to the feelings and the mental suffering resulting from the unlawful act. In all the cases, however, in which such a right of action has been upheld, the person held liable has either been the one who committed the unlawful act, as in Foley v. Phelps, or one who caused or procured the autopsy to be made as in Darcy v. Presbyterian Hospital. None of them, therefore, are authority for the proposition contended for by the plaintiff in this action.

[5] Nor does the defendant's action or nonaction as alleged fall within the purview of the Penal Law, which declares that:

"A person who makes, or causes or procures to be made, any dissection of the body of a human being, except by authority of law, or in pursuance of a permission given by the deceased, is guilty of a misdemeanor." Section 2214.

It is not alleged that this defendant either made, or caused or procured to be made, the autopsy complained of.

[6] Nor can the demurrer be upheld by analogy to a case of a bailment of goods, where a warehouseman has received the goods in an undamaged condition and delivers them damaged. In the latter case liability is predicated upon the presumption that the bailee has been guilty of breach of contract, or negligence, or conversion, and the damages recoverable are for the injury to the property rights of the bailor, and even in such a case the complaint must allege the negligence or conversion of which the damaged condition of the goods is but evidence.

It is well settled, however, that there are no property rights, in the ordinary commercial sense, in a dead body, and the damages allowed to be recovered for its mutilation are never awarded as a recompense for the injury done to the body as a piece of property. Beaulieu v. Gt. Northern R'way Co., 103 Minn. 47, 114 N. W. 353, 19 L. R. A. (N. S.) 564, 14 Ann. Cas. 462. The question at bar is somewhat analogous to that recently considered by this court in Coleman v. St. Michael's Protestant Episcopal Church, 170 App. Div. 658, 155 N. Y. Supp. 1036, wherein it was sought to hold a cemetery owner liable for the theft of a body from the cemetery by some third person. The defendant's liability in that case was sought to be predicated upon some presumed duty to take positive precautions to prevent such an unlawful act, but it was unanimously held that no such active duty was imposed upon the corporation. So in the present case no obligation is imposed by law upon the defendant, except to refrain from actively participating, by its servants or otherwise, in the unlawful mutilation of the body of a patient who dies within its walls, and from causing or procuring such a mutilation to take place. To go further would be to charge it as an insurer, and to hold it to an even stricter accountability than would be imposed upon a bailee of merchandise.

The order appealed from must be reversed, with $10 costs and disbursements, and the demurrer overruled, with $10 costs, with leave to plaintiff to amend her complaint within 20 days upon payment of costs. Order filed. All concur.

---

(173 App. Div. 221)

BURKE v. GALVESTON, H. & H. R. CO.

(Supreme Court, Appellate Division, First Department.   June 2, 1916.)

1. CORPORATIONS ⬅654—FOREIGN CORPORATIONS—TRANSACTION OF BUSINESS —STATUTE.

A foreign corporation receiving a certificate of authority to do business, in the state, exempting it from General Corporation Law (Laws 1890, c. 563) § 15, as added by Laws 1892, c. 687, prohibiting a foreign corporation from maintaining an action in the state upon any contract made by