In the Matter of the Estate of LLOYD N. NEVILLE, an Infant.

Surrogate's Court, Orange County, April 14, 1933.

*A. C. N. Thompson,* for the petitioner.

TAYLOR, S. There is presented the very interesting question of whether the guardian of an infant may be permitted to pay the father's funeral expenses out of the infant's property. There is a dearth of direct authority. It appears that the infant's mother died sometime since and that the infant is the sole distributee of the father whose burial expenses give rise to this application. The father left no estate whatever and the only property which the infant owns is the proceeds of a life insurance policy of $1,000 upon the father's life. The infant is eighteen years of age and although not of the age at and after which the law says he shall be bound by all his acts, has consented to the payment of the father's funeral expenses, which are reasonable in amount, out of the insurance moneys.

It is provided by statute (Penal Law, § 2211) that " every dead body of a human being  *  *  *  must be decently buried or incinerated within a reasonable time after death."

" The decent burial of the dead is a matter in which the public have concern. It is against the public health if it do not take place at all  *  *  *  and against a proper public sentiment, that it should not take place with decency." (*Patterson* v. *Patterson*, 59 N. Y. 574.)

The Public Welfare Law (§ 154) provides for the burial at the expense of the public welfare district of the body of any person who shall leave no funds to pay such expenses and there are no known relatives, friends or personal representatives liable or willing to become responsible for such expenses. It is well-settled law that in the absence of a contrary testamentary disposition the right to possession of the body of one who has died belongs to the surviving husband or wife or next of kin for purposes of preservation and burial. (*Hasselbach* v. *Mt. Sinai Hospital*, 173 App. Div. 89, 91; *Finley* v. *Atlantic Transport Co.*, 220 N. Y. 249; *Darcy* v. *Presbyterian Hospital*, 202 id. 259.)

Some of the cases indicate that this right of burial is vested in the next of kin who are of age, or of the age of discretion. (*People ex rel. Coppers* v. *Trustees of St. Patrick's Cathedral*, 58 How. Pr. 55, 65; revd. on other grounds, 21 Hun, 184.) In the instant case, as before remarked, while the infant has not reached that age which the law arbitrarily fixes as the age of discretion and at and after which the infant becomes responsible for all contract obligations he may make, nevertheless being in this case the only next of kin and of the age when it may be fairly assumed without any undue stretch of the imagination that he will exercise sound judgment with respect to the burial of his father, the right to have charge of and direct the burial belongs to the infant. It follows, therefore, that possessing this right the infant is liable for reasonable burial

expenses. In cases of this sort the court should be careful to see to it that the burial expenses are reasonable, keeping in mind the fact that the father died without funds and that the infant's estate is comparatively small.

The right being in the son as the sole next of kin of directing the burial, the public and individual sentiment involved, and the moral obligation, places the reasonable burial expenses of a parent who left no estate somewhat in the category of "necessaries."

This question was examined by Surrogate FOWLER in *Matter of Connolly* (88 Misc. 405), who reached the eminently sensible conclusion that the child's guardian should pay the reasonable burial expenses of the mother where the infant's family was indigent or in poor circumstances.

An order may be presented directing the guardian to pay the funeral director's bill.