In tne Matter of the Judicial Settlement of the Account of JAMES W. BROWN, Public Administrator of the County of Bronx, as Administrator, etc., of TEODOR KULYK, Also Known as FRANK KULYK, Deceased.*

CONSUL GENERAL OF THE REPUBLIC OF POLAND on Behalf of IWAN KULYK and Another, Appellant; E. W. SZYDLOWSKI, Respondent.

First Department, March 8, 1935.

*Joseph G. Blum* of counsel [*Blum & Jolles*, attorneys], for the appellant.

*Joseph R. Kehoe*, for the respondent.

TOWNLEY, J.   Teodor Kulyk, a native of Poland, died intestate January 20, 1915, leaving no next of kin in this country.   Nothing was done concerning the settlement of the estate by either relatives or creditors until July 5, 1932, when the public administrator of Bronx county was duly appointed administrator.   The sole asset of the estate was some $1,748.60, the proceeds of death benefits paid by The Greek Catholic Union of Russian Brotherhoods, of which Kulyk was a member.

The respondent Szydlowski filed a claim November 21, 1932, for funeral expenses in the amount of $292.10, with interest thereon

* See 149 Misc. 855; 150 id. 307.

from January 20, 1915. On presentation of this claim the public administrator paid the principal amount but rejected the claim for interest. The surrogate thereafter rendered a decision allowing interest from the date demanded to December 28, 1932.

No question is raised as to the reasonableness of the bill. But in view of the demand for interest, it is necessary to consider the nature of a claim for funeral expenses. The law is, in the absence of an express contract, that an undertaker may be allowed by the Surrogate's Court his proper charges for the burial of a deceased person on the theory of an assumpsit by the administrator to pay for the services and articles furnished on a *quantum meruit* basis. (*Matter of Flynn*, 75 Misc. 87; affd., 156 App. Div. 939.) This was the rule at common law and the present statutes do no more than give a creditor a short remedy on the non-payment of a just demand. (*Matter of Wingersky*, 75 Misc. 79.)

Section 216 of the Surrogate's Court Act provides for the presentation of such claims and for the method by which the surrogate shall decide upon the reasonableness of a questioned claim after it has been submitted. The fairness of the charge is always in issue and can be determined either as in the present case by the administrator or after litigation before the surrogate.

In this case for seventeen years claimant took no steps to mature any claim against the estate. This fact in itself disposes of the suggestion in the opinion of the learned surrogate that there are equitable reasons for awarding interest herein.

A claim for payment of the reasonable value of services does not mature until the date of demand and interest may not be claimed before that date. (See *Blackwell* v. *Finlay*, 233 N. Y. 361; *Prager* v. *New Jersey Fidelity & Plate Glass Ins. Co.*, 245 id. 1.)

In a case involving a demand for interest on charges for legal services against an estate (*Matter of West*, 257 N. Y. 108), present Chief Judge CRANE of the Court of Appeals said: " Although the lawyer's services terminated January 1, 1927, and there was an implied or express contract to pay the value thereof, the amount could not be ascertained until either the lawyer presented his bill and made a demand or else the claim was determined upon some proceeding. There was no breach of contract or no failure upon the part of the deceased, or the estate, to pay the bill or to pay for the services rendered, until a demand had been made for a stated amount. What could the deceased or the estate pay until the lawyer declared or stated his charges? Thus, the general rule that a claim for legal services resting on a *quantum meruit* draws interest to be computed from the date of the demand. * * *

"Section 480, therefore, has no application to this claim, as it was not based upon the breach of the performance of a contract prior to the date of the demand. There was no breach of any contract on January 1, 1927, when the services terminated, or on April 4, 1927, when the amendment to this section 480 took effect. The claim became due October 8, 1930, when, for the first time, a demand was made."

In the case at bar payment was made without any contest, and very promptly by the public administrator after the presentation of the claim. There was no breach on his part of the performance either of a contract implied in law or of a duty to pay a charge upon the estate. In view of these facts, therefore, the allowance of interest was unauthorized. Furthermore, since prompt payment was made of the full amount due before any contest, there was also no justification for making any allowance of costs to claimant's counsel.

The decree so far as appealed from should be reversed, with costs to the appellant, and the claim for interest dismissed; the appeal from the order denying rehearing dismissed, and the proceeding remitted to the surrogate of the county of Bronx for further action in accordance with this opinion.

MARTIN, P. J., and UNTERMYER, J., concur; MERRELL and GLENNON, JJ., dissent.

Decree so far as appealed from reversed, with costs to the appellant, and the claim for interest dismissed; appeal from order denying rehearing dismissed, and the proceeding remitted to the surrogate of the county of Bronx for further action in accordance with opinion. Settle order on notice.