## In the Matter of ELIZABETH RIVERA, an Infant.

Surrogate's Court, Kings County, March 21, 1941.

*William C. Chanler, Corporation Counsel* [*Joseph G. De Vito* of counsel], for William Hodson, commissioner of welfare of the city of New York.

*John T. Waters,* special guardian for Elizabeth Rivera, infant, respondent.

*James A. Clark,* for the administrator of Veterans' Affairs.

WINGATE, S. This is an application by the commissioner of public welfare to compel the guardian of Elizabeth Rivera, an infant, to pay the sum of thirty dollars per month for her maintenance and support as a public charge for so long a time as such condition shall continue. The relevant facts as contained in the petition, the answering affidavit of the special guardian appointed herein, the affidavit of James A. Clark, Esq., the legal representative of the United States Administrator of Veterans' Affairs, who has intervened pursuant to the authority contained in section 1384-t of the Civil Practice Act, and the records of this court, appear to be conceded by all concerned.

The infant was born on September 29, 1925, and is consequently now of the age of fifteen years and five months. Her father, Louis E. Rivera, was a disabled veteran of the United States Army who died on July 27, 1938. Her mother died on July 2, 1937. The child was committed to the Brooklyn Children's Aid Society

and subsequently, by order of this court, Thalia V. Baez, the wife of the minister of the First Spanish Methodist Church, who had been acquainted with her mother, was appointed her guardian, jointly with the clerk of the Surrogate's Court.

Since July 10, 1932, the child has been a public charge, and the cost to the department of welfare for her care and maintenance since that date has been seven dollars and fifty cents per week, with a resulting total expenditure to September 30, 1940, of $3,335.24.

The estate of the infant aggregates $1,120.73, deposited in two savings bank accounts; $112.25 of this sum was received from a policy of insurance on the life of her mother and the balance was derived from the United States Veterans' Administration as an allocation of a part of the compensation awarded to her disabled veteran father. She receives currently from the Veterans' Administration the sum of twenty dollars per month for her support and maintenance. These payments will cease on September 28, 1943, her eighteenth birthday.

The present application seeks a direction from this court that thirty dollars a month be paid to the commissioner of welfare for her support. The petition, as submitted, was somewhat ambiguous and was capable of interpretation as seeking such payments retroactively. This ambiguity has, however, been clarified in the memorandum filed on behalf of the commissioner which, on page 2, states categorically: " The application is for an order directing the general guardian to pay out of the minor's funds the sum of $30 a month to reimburse the petitioner for the current and future (not past) support of the minor." Again, it is said at page 3: " The bringing of an action would necessarily involve an attempt to recover for *past* support. That is exactly what the Commissioner does not wish to do." (Italics in original..)

This elimination of a question respecting possible obligation for relief heretofore granted removes as pertinent issues in the proceeding the questions of the exemption of the existing funds of the infant, in so far as they were derived from pension payments, which was the turning point in the recent decision of Surrogate MILLARD in *Matter of Cervantes* (174 Misc. 594) and of the proper application to the present case of the second paragraph of section 128 of the Public Welfare Law limiting recovery from an infant to the excess of its property over its " reasonable requirements " " taking into account his maintenance, education, medical care and any other factors applicable to his condition " which is the enumeration in section 125.

The purpose of public welfare relief as is indicated in many places in the act is " to provide adequately for those unable to

maintain themselves." (See Pub. Welfare Law, § 77.) In view of the demonstration in the present record, it might to some seem debatable whether this infant was within this description at the present time. This, however, is a question for the determination of the welfare officials and not for this court.

In view of the absence of any prayer for reimbursement of past payments, the present petition becomes one which, in essence, is within the contemplation of section 194 of the Surrogate's Court Act. This authorizes the surrogate to " make an order, directing the application, by the guardian of the infant's property, to the support and education of the infant, of such a sum as to the surrogate seems proper, out of the income of the infant's property; or, where the income is inadequate for that purpose, out of the principal."

As the court views the composite situation, the propriety and extent of an allowance from the income or property of the infant is viewable in precisely the same light as if it were in receipt of no welfare relief whatsoever, and allowance for its maintenance from its own property were the sole object of the application.

Approached from this standpoint, the authorization of some allowance for the support and maintenance of the infant from its own income or principal or both would be a matter of course and the only conceivable question would be the amount of allowance which would be proper. On this issue neither the petitioner nor those appearing on behalf of the infant has cast any light. The commissioner of welfare has rested on the fact that relief is now being accorded at the rate of thirty dollars a month, and the representative of the Administrator of Veterans' Affairs on the fact that a twenty-dollar monthly allowance is accorded by it. Each presumably represents the sum which their respective organizations deems necessary and proper in the premises. There is no inference that either is correct and the other wrong. Both agree that twenty dollars a month is not excessive, wherefore, in the absence of better evidence, the court will direct that so long as the present welfare payments continue to be made, the guardian shall pay to the commissioner of welfare the twenty dollars per month currently received from the Administrator of Veterans' affairs.

These payments are made to provide for the support of the infant and it would be inequitable to permit their accumulation at the expense of the general public whose obligation to the infant is merely humanitarian and to prevent her from dying of starvation and neglect.

Enter decree on notice in conformity herewith.