Max F. Rutecki, Respondent-Appellant, *v.* Stella Lukaszewski, Appellant, and Edmund Lukaszewski, Respondent.

Fourth Department, May 12, 1948.

*John L. Heider* for respondent-appellant.

*Francis J. Janik,* for defendant-appellant.

*Stanley J. Keysa* for defendant-respondent.

Kɪᴍʙᴀʟʟ, J. The plaintiff, an undertaker, brought this action against the widow and the son of one Wojciech (Albert) Lukaszewski, deceased, in the City Court of Buffalo, to recover for the agreed price and reasonable value of the funeral and burial expenses of the deceased. He claimed $620.42 and gave credit thereon for $100, which was paid by the Veterans' Administration. The City Court of Buffalo gave judgment for $370.42 against the defendant widow, and dismissed the complaint as against the son. The plaintiff and the widow appealed to the Supreme Court, Erie County. The judgment was there affirmed. The plaintiff appealed to this court from the order of affirmance of the Supreme Court insofar as it affirmed the judgment dismissing the complaint as against the son. The widow, Stella, appealed from the order affirming the judgment for the plaintiff as against her.

The facts are not in dispute. The deceased husband and father had no property except two life insurance policies upon his life which were payable to Stella, his widow. The funeral arrangements with the undertaker were made by a sister of the deceased and the son, Edmund, who was, at the time, nineteen years old. The widow, Stella, was then a patient in a Buffalo hospital and knew nothing of the arrangements, had nothing to do with them and did not attend the funeral. The plaintiff, undertaker, knew there was no money or estate, except the insurance policies, and he knew that the son was an infant.

We think the judgment dismissing the complaint as against the son was properly affirmed. The son had told the undertaker, in effect, that if there was not enough to pay the expenses from the proceeds of the insurance, or if the insurance was not good, he would pay the expense from his earnings. The insurance policies were good and the proceeds amounting to $2,250 were eventually paid to the widow, as the named beneficiary. The son could not be held upon an express contract, even if his infancy was held to be no bar. The agreement was made upon a condition subsequent which did not eventuate — he was only to pay out of his earnings if the policies turned out to be worthless or insufficient.

We do not think there was any legal obligation upon the son to pay by reason of the filial relationship. He received nothing by reason of his father's death and had no separate estate. *Matter of Connolly* (88 Misc. 405) in our opinion is not controlling. There, the Surrogate allowed a small sum to be paid from an infant's separate estate to save the mother from a

pauper's grave. The funeral expenses were apparently considered in the category of " necessaries " and the moral obligation was considered strong enough to support the allowance. In *Matter of Neville* (147 Misc. 171, 173) an infant son was the only surviving kin of his father. He had received $1,000 as the beneficiary of a policy of life insurance carried by his father. The court held: " The right being in the son as the sole next of kin of directing the burial, the public and individual sentiment involved, and the moral obligation, places the reasonable burial expenses of a parent who left no estate somewhat in the category of ' necessaries.' " The only authority cited for this holding was *Matter of Connolly* (*supra*). (See *contra*, *Matter of Salm*, 171 Misc. 367, affd. 258 App. Div. 875, affd. 282 N. Y. 765.) Under the facts here presented, there seems to be no authoritative precedent which imposes a legal obligation upon the son, Edmund, to pay. There was no obligation, at common law, upon a child to support an indigent parent. (*Edwards* v. *Davis*, 16 Johns. 281.)

We think that the judgment against the widow cannot be sustained. Concededly, there was no express contract between her and the plaintiff. If she is to be obligated, it must be upon the theory that she is liable as for " necessaries " or that she is liable on some implied obligation arising out of the marital status. On neither theory, could she be held liable at common law. While there appears to be no direct decision in this State, the great weight of authority is to that effect. (13 R. C. L., Husband and Wife, § 224; 30 C. J., Husband and Wife, § 159; 41 C. J. S., Husband and Wife, § 63, p. 533; 57 A. L. R. 400; *O'Hagan* v. *Fraternal Aid Union*, 144 S. C. 84; see, also, note in 35 Col. L. Rev. 783, and cases there collated.)

The plaintiff-appellant relies upon *Apostle* v. *Pappas* (154 Misc. 497). In that case, the action was one to impress a lien for funeral expenses upon a life insurance policy payable to the widow. It was held there was no lien and judgment was directed for the defendant widow. The court observed, obiter, that in good morals a woman with a separate estate should bear the expense of a decent burial for her deceased indigent husband. The *Apostle* case has been commented upon but not followed. (*Matter of Burt*, 160 Misc. 218, mod. 254 App. Div. 584.)

The provisions of section 101 of the Social Welfare Law and section 914 of the Code of Criminal Procedure do not aid this plaintiff-appellant. These statutes relate to the duty of support of indigent relations as a protection to the taxpayers and the enforcement of the provisions is at the instance of the public authorities.

It might well be that the Legislature, in view of the present independent status of women and their equal rights with the male sex, should declare the liability of a widow with an adequate, separate estate, for the decent burial of her penniless spouse. It has not done so and this court cannot do so.

The judgment of the Erie Special Term insofar as it affirms the judgment of the Buffalo City Court dismissing the complaint as to defendant Edmund Lukaszewski should be affirmed, with costs, and judgment of the Erie Special Term insofar as it affirms the judgment of the Buffalo City Court in favor of plaintiff against defendant Stella Lukaszewski and judgment of the Buffalo City Court should be reversed on the law and complaint dismissed, with costs in all courts to defendant Stella Lukaszewski.

All concur. Present — TAYLOR, P. J., McCURN, LOVE, VAUGHAN and KIMBALL, JJ.

Judgment of the Erie Special Term insofar as it affirms the judgment of the Buffalo City Court dismissing the complaint as to defendant Edmund Lukaszewski affirmed, with costs; judgment of the Erie Special Term insofar as it affirms the judgment of the Buffalo City Court in favor of plaintiff against defendant Stella Lukaszewski, and judgment of the Buffalo City Court in favor of plaintiff reversed on the law, and the complaint dismissed, with costs in all courts to defendant Stella Lukaszewski.