In the Matter of SIDNEY GELLER, an Infant.

Surrogate's Court, Kings County, June 1, 1950.

*Daniel W. Litwin* for David Geller, petitioner.

*Solomon Z. Ferziger* for Yetta Geller, as general guardian of the person and property of Sidney Geller, an infant, respondent.

PETER P. SMITH, Official Referee. A paternal uncle seeks reimbursement from his infant nephew's estate for burial expenses of the infant's father. The father died without an estate and his sole survivor was his son, now fifteen years old. Insurance policies, benefits and other assets arising from the father's death were paid solely to the son's estate, which approximates $3,600. From no other source was the son's estate created.

A proceeding to compel a guardian to pay for the maintenance and support of an infant is maintainable (*Matter of Rivera,* 175 Misc. 1039; *Matter of Smith,* N. Y. L. J., Dec. 13, 1941, p. 1967, col. 5) under section 194 of the Surrogate's Court Act, and, by analogy, is likewise maintainable thereunder by one who expends a sum of money for the burial of an infant's parents, since the right to authorize an appropriation therefor from the infant's funds is expressly granted under the second paragraph thereof. In this case, as in *Matter of Connolly* (88 Misc. 405) and *Matter of Neville* (147 Misc. 171) the infant was the sole survivor of his parent. In *Matter of Kessler* (153 Misc. 753) which denied an appropriation from the funds of infants for the burial of their parent, the parent was also survived by three adult children. In *Rutecki* v. *Lukaszewski* (273 App. Div. 638) the infant son received nothing by reason of his father's

death and had no separate estate. Chapter 69 of the Laws of 1948, amending section 194 of the Surrogate's Court Act, became effective on September 1, 1948, subsequent in point of time to the rendition of the decision in the *Rutecki* v. *Lukaszewski* case, which commented with respect to the holdings in *Matter of Neville* (*supra*) and *Matter of Connolly* (*supra*) that funeral expenses are "necessaries".

The evidence clearly establishes that the paternal uncle acted, not officiously, but in the necessity of the case (*Matter of Kulyk*, 150 Misc. 307, 310, revd. on other grounds, 243 App. Div. 443; *Matter of Tangerman*, 226 App. Div. 162). On all the evidence the court finds that the sum expended for the burial of the infant's father to be reasonable and the petitioner entitled to reimbursement. Accordingly, the petition is granted and the objections thereto by the guardian dismissed.

Submit decree, on notice, accordingly.