■ In the Matter of the Estate of FRANK A. LUDLAM, Deceased. NATHAN ZAUSMER et al., Individually and as Executors of FRANK A. LUDLAM, Deceased, Respondents; EL RENA L. SCHOELLES, Appellant.— In a proceeding to determine a claim for legal services rendered to the testator (SCPA 1805, formerly Surrogate's Ct. Act, § 209 [the claimant is a coexecutor of the estate]) insofar as the claim would affect and be paid out of the 25% distributive share of the legatee-appellant, the appeal is from a decree of the Surrogate's Court, Nassau County, dated July 7, 1967, which allowed the total claim at $25,000 and charged $6,250 thereof to said distributive share, with interest. Decree modified, on the law and on the facts, by limiting the period for computing interest as follows: from September 30, 1953 to January 7, 1955. As so modified, decree affirmed, without costs. In our opinion the Surrogate's fixation of the attorney's claim in the sum of $25,000 and charging $6,250 thereof to appellant's share in the estate is fair and reasonable from the evidence adduced; however, we do not concur in his allowing interest at 6% per annum *from the date of the commencement of the proceeding* (Sept. 30, 1953) until actual payment. As coexecutor and the estate's attorney, the claimant had the duty to have his claim adjudicated expeditiously in order to avoid the running of interest (cf. *Matter of Kulyk,* 243 App. Div. 443; *Matter of Taylor,* 95 N. Y. S. 2d 459; 34 C. J. S., Executors and Administrators, § 466) and should not have deferred such determination for his own convenience and pecuniary advantage. The record clearly demonstrates that he should have, and could have, had the hearing to resolve this issue in 1955 when he obtained a decree in a companion proceeding with respect to the portion of his claim that was payable out of the interests of other legatees. Therefore, we allow interest on the sum of $6,250 only from the date of the commencement of the instant proceeding (Sept. 30, 1953) to January 7, 1955, the date the decree was entered in the companion proceeding. Beldock, P. J., Christ, Rabin, Benjamin and Kleinfeld, JJ., concur.