OPINION OF THE COURT
Stephen K. Lindley, J.
This case involves a dispute between siblings over their mother’s funeral expenses. One sibling contracted with a funeral home and paid for the burial services after her sister orally promised to reimburse her for a third of the bill at a later date. The legal question presented is whether enforcement of the oral promise is barred by the statute of frauds. The court holds that the statute of frauds does not apply.
Facts
The parties’ mother died on July 28, 2001, and was survived by three adult children: plaintiff, defendant and their brother, who is not a party to this action. On August 1, 2001, plaintiff *188 signed a contract with Benta Funeral Home, Inc., to handle her mother’s remains and arrange the burial. The contract called for a payment of $6,629, which included, among other things, the cost of the casket and the cemetery plot.
The mother’s insurance covered a portion of the costs, leaving a balance of $3,529. Plaintiff charged that amount to her credit card shortly after the contract was signed. According to plaintiff, she and her two siblings each agreed to pay one third of the uninsured funeral costs (i.e., $1,176.33 apiece). Defendant thereafter failed to pay any amount to plaintiff for funeral expenses, prompting plaintiff to commence this small claims action in Rochester City Court.
Plaintiff testified at trial that the oral agreement with her siblings was made before she signed the contract with the funeral home. Plaintiff further testified that she would not have signed the contract if her siblings had not promised to share the costs.
Defendant flatly denied that she agreed to reimburse plaintiff for a portion of the funeral bill. She testified that she told plaintiff before the contract was signed that, having recently lost her job, she was not in a financial position to pay for the funeral and that she would not do so.
The parties’ testimony presents a sharp issue of fact as to whether or not defendant agreed to pay plaintiff for a third of the funeral costs before plaintiff signed the contract. The court resolves this issue in favor of plaintiff and finds that defendant did so agree. This determination is based primarily on the court’s assessment of the parties’ credibility.
The factual determination is also supported by proof that plaintiff’s brother has made payments to her for a portion of the funeral costs. According to a letter from plaintiff to her brother dated January 18, 2002, the brother paid her $700 toward the funeral bill last fall, and plaintiff in that letter demanded payment of the remaining amount due. It is clear from the letter, which was submitted to the court by defendant, that the relationship between plaintiff and her brother is not amicable. It is therefore unlikely that the brother would have made these payments if he had not agreed to do so. And if the brother had agreed to assume one third of the funeral costs, it would seem likely that defendant did so as well. If defendant had not agreed to contribute her share, one would think that plaintiff and her brother would have split the bill.
*189 Legal Analysis
Defendant contends that, even assuming, arguendo, that she agreed to reimburse her sister, the oral agreement is unenforceable under the statute of frauds (General Obligations Law § 5-701 [a] [2]), which provides that a “special promise to answer for the debt, default or miscarriage of another” must be in writing to be enforceable. The court disagrees. Defendant did not promise to answer the debt of another. Rather, she incurred a debt with her siblings and promised to reimburse plaintiff for a portion of that debt, which was paid in full by plaintiff.
Defendant’s reliance on Schoenfeld v Ochsenhaut (114 Misc 2d 585 [Civ Ct, Kings County 1982, Saxe, J.]) is misplaced. In that case, the plaintiffs contracted to pay the funeral expenses of an elderly neighbor who apparently left no surviving relatives. After the funeral, the decedent’s brother surfaced and allegedly promised the plaintiffs that he would pay the funeral costs, which had not yet been paid. The brother never followed through on that promise, and he was later sued by plaintiffs. Relying on the statute of frauds, the court ruled that, even if the brother had promised to pay the funeral bill, the promise was unenforceable because it was not reduced to writing.
The case at hand is factually distinguishable. Whereas the plaintiffs in Schoenfeld voluntarily incurred a debt for funeral expenses before the defendant promised to pay such expenses (indeed, before they even knew the defendant existed), the plaintiff herein incurred the debt only after defendant and her brother agreed to pay a third of the costs. That is to say, but for the promises of defendant and her brother, plaintiff would not have incurred the debt to the funeral home. Thus, unlike her counterpart in Schoenfeld, defendant did not agree to pay a debt that had already been incurred by another person.
Another distinction is that defendant benefitted from plaintiff’s reliance upon her promise to pay. The benefit she received was the burial services rendered by the funeral home for her deceased mother. Those services, paid by plaintiff, would not have been provided if defendant had not promised to reimburse plaintiff.
The promisor in Schoenfeld, in contrast, received no such benefit because, at the time of his promise, the funeral services had already been provided to his deceased relative. His promise was wholly altruistic in nature; defendant’s was not.
As the Court of Appeals noted in Martin Roofing v Goldstein (60 NY2d 262 [1983]), the statute of frauds applies to a *190 “promise to answer the debt” of another because, without a written agreement, the oral promise is difficult to prove. This type of promise is difficult to prove because the promisor receives no benefit or consideration from his promise. In most other oral contracts, the Court stated in Martin Roofing v Goldstein, “a writing is not required because the promisor has received something and the circumstances show probable liability” (60 NY2d at 265).
Thus, the principle of law may be stated as follows: Where, as here, a person promises to pay a debt that has not yet been incurred by another person, and the person who makes the promise receives a direct benefit therefrom, the statute of frauds does not apply. On the other hand, if, as was the case in Schoenfeld, the promise to pay is made after the debt has been incurred and the promisor does not benefit from his promise, the statute of frauds does apply and the promise, to be enforceable, must be in writing.
Finally, it is true, as defendant argues in the alternative, that a child has no legal obligation to pay the funeral expenses of a parent (see Rutecki v Lukaszewski, 273 App Div 638 [4th Dept 1948]). It does not follow, however, that a child cannot voluntarily agree to pay for a parent’s funeral. That is what happened here. Although plaintiff is the only sibling to have signed the contract with the funeral home, that does not provide a legal basis for holding that defendant’s promise of reimbursement is unenforceable.
For the above-stated reasons, the court rules that defendant is legally obligated to pay plaintiff for one third of the funeral expenses. Accordingly, judgment is awarded to plaintiff in the amount of $805.33, plus costs.
[Portions of opinion omitted for purposes of publication.]