CHARLES H. GOULD vs. CITY OF LAWRENCE.

Essex.    November 8, 1893. — November 29, 1893.

Present : FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Support of Paupers in State Lunatic Hospitals.*

The word " support " is used in the same sense in Pub. Sts. c. 87, § 31, as in §§ 32, 33, and 34 of that chapter; and a city, having paid the price fixed in § 31 for the support of its paupers in a State lunatic hospital, is not liable for charges for clothing at the hospital and for breakage of crockery.

KNOWLTON, J.    This is an action to recover the amount of six items for money expended on account of paupers confined in the lunatic hospital in Danvers, whose several settlements were in the defendant city.    Under Pub. Sts. c. 87, § 33, the defendant has paid for the support of these paupers at the rate of $3.25 for each person, the price fixed by § 31 of the same chapter. Four items of this account, the second, third, fourth, and sixth, for expenses of pursuit, burial expenses, cash paid on discharge, and clothes on discharge, respectively, are expressly made chargeable to cities and towns in such cases by Pub. Sts. c. 87, § 45, and for these the defendant admits its liability.    There remain to be considered the first item, for clothing at the hospital, and the fifth, for breakage of crockery.

The defendant is under no liability for moneys expended on account of paupers in lunatic hospitals, except under the provisions of the statutes, and the sections relied on by the plaintiff in this case are §§ 33 and 45 above cited.    The plaintiff contends that these two items were a part of " the charges for the support of lunatics " referred to in § 33, and as such are recoverable from the defendant.    He also contends that the word " support " used in § 31 has a different meaning from the same word used in §§ 32, 33, and 34, and is intended to cover only board, and not other expenses of maintenance.

The word " support " is often used in our statutes, and in its ordinary signification it includes not merely board, but everything necessary to proper maintenance.    This is obvious from an examination of the statutes.    See Pub. Sts. c. 83,

§ 3; c. 84, §§ 1, 6; c. 85, § 18; c. 86, §§ 11, 12; c. 130, § 13; c. 139, §§ 30, 34; c. 146, §§ 18, 25; c. 147, § 33; c. 157, § 99; St. 1857, c. 209; St. 1862, c. 223, §§ 9, 10, 11; St. 1870, c. 105, § 1. The plaintiff does not question that this is its meaning in Pub. Sts. c. 87, §§ 32, 33, and 34, above cited, but he contends for its narrower signification in § 31, because this section was derived from St. 1880, c. 149, which is as follows: " The rate of board to be charged by the trustees of the several State lunatic hospitals for the support in said hospitals of State, city, and town paupers therein, shall be three dollars and twenty-five cents a week from and after the first day of April in the year one thousand eight hundred and eighty." The commissioners who compiled the Public Statutes evidently were of opinion that the words " the rate of board " as here used mean nothing more than the word " price," inasmuch as the apparent object of the statute was only to change the price to be charged for support from $3.00 per week, the rate fixed by St. 1879, c. 88, to $3.25, and they accordingly struck out the word " board," which caused an ambiguity in the statute, and the Legislature subsequently adopted their correction. A study of the history of the legislation makes it certain that their interpretation was right. The language of all the preceding acts on this subject plainly includes maintenance as distinguished from mere board. Gen. Sts. c. 73, § 24. St. 1862, c. 223, § 11. St. 1863, c. 240, § 9. St. 1864, c. 138. St. 1879, c. 88. There is nothing to indicate that the Legislature intended to change its policy and to fix a price for board alone, and to allow additional charges to be made for clothing and other necessaries furnished. Such a method would be difficult of application, and would be likely to give rise to controversies. Then the provision in § 45 for the payment of particular charges, which ordinarily would be made but once in the case of each pauper, and which are in addition to the price paid for support, plainly implies that no other charges are to be made.

We are of opinion that the word " support " is used in the same sense in § 31 as in §§ 32, 33, and 34 of Pub. Sts. c. 87, and that the defendant, having paid the price fixed in § 31 for the support of these paupers, is not liable for the first and fifth items in the plaintiff's account.

We do not deem St. 1885, c. 385, of much importance as bearing on the interpretation of Pub. Sts. c. 87, § 31. There should be judgment for the plaintiff for the amount of the items not in dispute, namely, for $37.20, and interest from the date of the writ. *Judgment accordingly.*

C. U. *Bell,* for the defendant.

D. N. *Crowley,* for the plaintiff.