the same person, the life estate and the reversion merge in such person.

3. REMAINDERS, § 16*—*when contingent remainder defeated.* A contingent remainder is defeated by merger of the life estate and the reversion.

4. APPEAL AND ERROR, § 1471*—*when admission of evidence of oral modification of contract is harmless error.* In an action to recover money advanced under a contract for the purchase of real estate conditioned upon defendant furnishing a deed conveying good title, the admission of evidence that a modification of the contract was made in a conversation between the parties whereby it was agreed that certain deeds tendered should be accepted as conveying good title, *held*, even if erroneous, to be harmless error where the deeds tendered were sufficient to convey good title.

5. APPEAL AND ERROR, § 384*—*when objections may not be availed of on appeal.* Objections not presented to or passed upon by the trial court cannot be availed of on appeal.

---

## O. P. Simpson, Administrator, Appellant, v. Artamisa Roberts and J. O. Roberts, Conservator, Appellees.

### (Not to be reported in full.)

Appeal from the Circuit Court of Shelby county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

### Statement of the Case.

Action by O. P. Simpson, administrator of the estate of William Simpson, deceased, plaintiff, against Artamisa Roberts and J. O. Roberts, conservator of Artamisa Roberts, feeble-minded, defendants, to recover money claimed to have been expended and services claimed to have been rendered for Artamisa Roberts while the decedent was conservator for her over and above the amount received by him for her use.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

From a judgment for defendants, plaintiff appeals.

LOGAN G. GRIFFITH and BUCKINGHAM, MCDAVID & MONROE, for appellant.

J. C. WILLARD, for conservator.

TRUMAN E. AMES, conservator *ad litem.*

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. EVIDENCE, § 228*—*what is necessary foundation for proof of conservator's reports.* In an action by the administrator of the estate of a conservator for a feeble-minded person to recover for moneys expended and services rendered by the decedent for his ward, certain reports filed in the County Court by or for the decedent of his acts and doings as such conservator, *held* to be incompetent evidence, even prima facie, of the facts contained in such reports without proof of an adjudication of the correctness of such reports by the court in which they were filed.

2. EVIDENCE, § 228*—*when proof of adjudication of correctness of reports of conservator insufficient.* Proof of an adjudication of the correctness of certain reports filed by a conservator of a feeble-minded person in the County Court of his acts and doings as such conservator can only be made by the record of that court, and a mere memorandum on such a report to the effect that it had been approved by the "County Judge" would be insufficient as proof of such adjudication, in an action wherein such reports were introduced in evidence to establish payments made or services rendered by such conservator.

3. GUARDIAN AND WARD, § 1*—*how conservator may not act.* There is no law authorizing a conservator to act by attorney in fact.

4. GUARDIAN AND WARD, § 74*—*what not proper charge against ward.* The funeral expenses of the mother of a ward under conservatorship are not primarily a necessity of nor a proper charge against the ward.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.