CORNELIUS F. KEATING, guardian, *vs.* DIRECTOR OF THE UNITED STATES VETERANS' BUREAU.

Suffolk.   May 14, 1930. — July 2, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*United States Veterans' Bureau.   Guardian,* Fee, Investment.   *Savings Bank.   Trust Company,* Savings department.

Even if payments, made under a war risk insurance policy to a guardian of one discharged from the army of the United States and hospitalized in various State institutions for the insane, were voluntary gifts to which the national government might attach such conditions as it saw fit and thereby regulate the time and manner in which the property finally should pass to the ward, and regulations of the director of the United States Veterans' Bureau had the force of law, a general order of the director, reading, "Whenever it appears that a guardian is collecting or attempting to collect fees, commissions or allowances in excess of five per centum, or its equivalent, the attention of the Court shall be invited to the fact that the Bureau regards the commission of five per centum as the maximum which should equitably be allowed, except where unusual service is rendered," was no more than an expression of desire, which the director promulgated by way of suggestion and recommendation and not as a command or limitation upon the power of a probate court to allow a fair and reasonable compensation to guardians for services rendered in the administration of their wards' estates.

A permanent, as distinguished from a temporary, investment of trust funds in a Massachusetts savings bank or in the savings department of a Massachusetts trust company is not an improper investment.

PETITION, filed in the Probate Court for the county of Suffolk on July 24, 1929, for the allowance of the fourth account of the guardian of Chester Stevenson.

The petition was heard by *Prest,* J., and was allowed.

Material facts are stated in the opinion. The director of the United States Veterans' Bureau appealed.

*T. C. Quinn,* for the respondent.

*C. F. Keating, pro se.*

PIERCE, J. Chester Stevenson was discharged from the United States Army on January 21, 1919, and was hospitalized in various State institutions for the insane from June 18, 1920, until May 27, 1924; since then he has been a patient at the United States Veterans' Hospital in Northampton, Massachusetts.

The first, second and third accounts of Cornelius F. Keating, as guardian, who was appointed on July 2, 1925, to succeed Lillian C. Stevenson, who died on June 16, 1925, were allowed. His fourth account for the period from July 2, 1928, to July 2, 1929, was filed on July 24, 1929. Walter H. Watson, Esquire, of Boston, Massachusetts, was appointed to act as guardian *ad litem* on August 15, 1929, by the Probate Court of Suffolk County, and filed his assent to the allowance of this fourth account on December 11, 1929.

With one exception all the payments received by said guardian were received from the United States Veterans' Bureau as payments due under a war risk insurance policy. World War Veterans' Act, 43 U. S. Sts. at Large, 613, § 21, as amended by acts of July 2, 1926, and May 29, 1928. The one exception is item No. 14, Schedule A, and is an excess balance which was in the institutional award account of Chester Stevenson at the United States Veterans' Hospital at Northampton, for the period ending June 30, 1928. Compensation payments from the United States Veterans' Bureau for the benefit of said Chester Stevenson, amounting to $20 monthly, are not made to the guardian, but are made to the United States Veterans' Hospital at Northampton. The only other items of income received by said guardian were those showing interest received on deposits in the savings department of the Columbia Trust Company and the Sumner Savings Bank, and numbered 15, 16, 17 and 18 in said Schedule A. Item 47 in Schedule B of this fourth account reads: "July 1,

Cornelius F. Keating, services as Guardian, July 2, 1928, to July 1, 1929, inclusive, including all legal services, and preparation of this account in quintuple. Some details of the services follow. $125." Schedule C of this fourth account showed under date of July 1, 1929, (1) "Deposit in the savings department of the Columbia Trust Co., in name of Cornelius F. Keating, Guardian of the Estate of Chester Stevenson. Book No. 2672. $7,057.81"; (2) "Deposit in the Sumner Savings Bank in name of Cornelius F. Keating, Guardian of the Estate of Chester Stevenson. Book No. 22161. 2,033.31"; and (3) "Cash in possession of accountant. 38.31." At the hearing on the allowance of this account no objection was made to the allowance of any items in Schedule A, no objection was raised to the allowance of Schedule B, except as to item 47, and no objection was raised as to the amount of the items in Schedule C, but it was contended that the funds now in the hands of the guardian are not properly invested. After a hearing the fourth account as presented was allowed by the judge of the Probate Court for Suffolk County.

The case comes to this court on the appeal of the director of the United States Veterans' Bureau. No question is here raised as to the right of that officer as a person aggrieved to appeal from the decree of the Probate Court, see § 21 (2) World War Veterans' Act, as also *Kline* v. *Shapley*, 232 Mass. 500, 504. Under the provisions of § 5, World War Veterans' Act, 43 U. S. Sts. at Large, 608, "The director, subject to the general direction of the President, shall administer, execute, and enforce the provisions of this Act, and for that purpose shall have full power ·and authority to make rules and regulations, not inconsistent with the provisions of this Act, which are necessary or appropriate to carry out its purposes, and shall decide all questions arising under this Act and all decisions of questions of fact affecting any claimant to the benefits of Titles II, III, or IV of this Act, shall be conclusive except as otherwise provided herein. All officers and employees of the bureau shall perform such duties as

may be assigned them by the director. All official acts performed by such officers or employees specially designated therefor by the director shall have the same force and effect as though performed by the director in person."

We accept the contention of the director of the United States Veterans' Bureau that "The rules and regulations prescribed by a department of government in pursuance of statutory authority have the force of law," *United States* v. *Grimaud*, 220 U. S. 506, 517, *United States* v. *Birdsall*, 233 U. S. 223, and assume upon the authority of *United States* v. *Hall*, 98 U. S. 343, that the money granted for the use of the pensioner is a voluntary gift to which the government may attach such conditions as it may see fit, and thereby regulate the time and manner in which the property shall finally pass to the pensioner. *Frisbie* v. *United States*, 157 U. S. 160. *United States* v. *Moyers*, 15 Fed. Rep. 411, 417. *Manning* v. *Spry*, 121 Iowa, 191. *Kellogg* v. *Waite*, 12 Allen, 529.

It being within his power to make rules and regulations not inconsistent with the act, the director of the United States Veterans' Bureau issued General Order No. 360, United States Veterans' Bureau, dated November 15, 1926, Part III, "N. SUPERVISION OF FIDUCIARIES AND THEIR ACCOUNTS," paragraph "12" of which reads: "Continued effort shall be made to have the commission of guardians limited to a maximum of five per centum of the amounts received by a guardian during any year. Whenever it appears that a guardian is collecting or attempting to collect fees, commissions or allowances in excess of five per centum, or its equivalent, the attention of the Court shall be invited to the fact that the Bureau regards the commission of five per centum as the maximum which should equitably be allowed, except where unusual service is rendered." It is stipulated in the case here pending that "The services rendered by Cornelius F. Keating as guardian charged for under item 47, Schedule 'B' of the guardian's fourth account were not unusual or extraordinary." In this situation the director contends that the funds in the hands of Cornelius F. Keating as guardian of Chester Stevenson are subject to

the limitation that they shall not be subject to a fee, commission or allowance in excess of five per centum during any year, inasmuch as these funds consist exclusively of compensation and insurance payments from the United States Veterans' Bureau, plus accumulations of interest, and that these funds while under the control of a fiduciary are subject to such limitations as may be placed upon them by the Government of the United States through the director of the United States Veterans' Bureau until such funds have been actually expended for the benefit of the person for whom they were intended. We are of opinion that the Government of the United States had power to limit the fees and commission which a probate court might allow to a guardian upon an accounting for services rendered while as guardian he had control and management of funds given him as agent for that government, but we do not think the order in fact issued by the director of the United States Veterans' Bureau in pursuance of the authority conferred on him by § 5, *supra*, in its legal effect was more than an expression of desire, which he promulgated by way of suggestion and recommendation and not as a command or limitation upon the power of the Probate Court to allow a fair and reasonable compensation to guardians for services rendered in the administration of the trust.

We are also of opinion that the contention of the director of the United States Veterans' Bureau that a permanent, as distinguished from a temporary, investment of trust funds in a Massachusetts savings bank or in the savings department of a Massachusetts trust company is not a proper investment is unsound. We take judicial notice of the manner the investments of savings banks and of savings departments of trust companies are regulated by the laws of Massachusetts, and of the fact that trustees and prudent men in the intelligent management of their own affairs regard such deposits to be consistent with the probable safety of invested capital. See in this connection G. L. c. 168, § 54; G. L. c. 172, §§ 60–64; *Commissioner of Banks* v. *Cosmopolitan Trust Co.* 240 Mass. 254; *Commissioner of Banks, petitioner, in re*

*Prudential Trust Co.* 240 Mass. 478; *Commissioner of Banks in re Prudential Trust Co.* 244 Mass. 64.

The decree allowing the fourth account of Cornelius F. Keating is affirmed.

*Ordered accordingly.*