In the Matter of the Estate of Iva KESSLER and HAROLD KESSLER, Minors.

Surrogate's Court, Oneida County, December 14, 1934.

*Edward A. Wolff,* for the petitioner.

EVANS, S. This is an application by the general guardian of two minors for an order authorizing her to apply money of the minors in payment of funeral expenses of their father. The amount of these expenses is $363, and it is desired by the general guardian to deduct equal amounts from the money of each minor. These minors received $1,156.12 from an insurance policy on the life of their father. According to the allegations of the petition, the decedent left no other property. He is survived by five children Earl, Floyd and Irene (the petitioner), all of whom are adults, and Harold, eighteen, and Iva, fourteen.

The reason assigned in the petition why the three adult children of the decedent should be immune from payment of the funeral bill and shift the burden upon the two minor children is that the adults are not financially able to pay. The authority of this court to direct the use of funds held by a general guardian reads as follows: " Upon the petition of the guardian of an infant's person or property; or of the infant; or of any relative or other person in his behalf; the surrogate, upon notice to such persons, if any, as he thinks proper to notify, may make an order directing the application by the guardian of the infant's property to the support and education of the infant, of such a sum as to the surrogate seems proper, out of the income of the infant's property; or, where the income is inadequate for that purpose, out of the principal." (Surr. Ct. Act, § 194.)

This power is statutory and I think should be strictly construed.

A minor is a ward of the court and this is a responsibility to be not lightly regarded. The underlying principle of section 194 of the Surrogate's Court Act points to the fact that the property of a minor can be used only for his benefit. The financial hardships created by the depression have imposed upon courts the duty of construing this section in its application to a wide range of subjects. Some minors are orphans with no person legally liable for their support. If they own any property, it is obvious that it must be frugally expended for their support, in some instances over a period of years. Other minors may have parents too poor to provide them with some reasonable and pressing need. A maintenance order may cover the expense of a college course or the price of a wooden leg. It may cover a dentist bill or the cost of a serious operation. Children attending schools must be decently clothed, and this includes a new dress for commencement. There are minors who marry and have a child of their own before one or both parents attain majority. These instances are rare, but when they do occur, the term " maintenance " assumes a wide scope.

With the variety of reasons for the expenditures of a minor's money, there still remains the basic fact that the legislative intent is that such money shall be expended for the benefit of the minor. Exceptions have been made in two cases that are not overlooked. (*Matter of Connolly*, 88 Misc. 405; *Matter of Neville*, 147 id. 171.)

In each of these cases allowance was made to pay the funeral expenses of a parent from the money of a minor. It is to be noted that in each case the parent was survived by one minor child. In the case at bar the father is survived by three adult children and two minors. Funeral expenses are primarily a preferred charge against the estate of the decedent. (Surr. Ct. Act, § 216.)

The suggestion is made that in the absence of an estate the children may be compelled to pay funeral expenses of a parent. (Pub. Welfare Law, § 154.)

Whatever may be the force of this contention, it seems to me clear that the remedy lies in the jurisdiction of another court and not in Surrogate's Court, as there is no provision here for such procedure. If such liability exists, then all of the children are equally liable.

There can be no equitable reason why three adult children should escape this liability and transfer the burden to two minors.

For the reasons stated the application is denied.

Decreed accordingly.