In the Matter of the Estate of CHRISTINE CHARLES, Deceased.

Surrogate's Court, Montgomery County, April 14, 1943.

*Charles E. Hardies, Jr.,* for Christopher J. Heffernan, as executor.

*Harry V. Borst,* for Commissioner of Public Welfare of City of Amsterdam, claimant.

AULISI, S.  Christine Charles died on February 22, 1942, a resident of the city of Amsterdam, N. Y.  She left a gross estate of about $3,700 and her last will and testament was admitted to probate in this court.

In this accounting the question presented involves the validity of a claim filed by the Commissioner of Public Welfare of the City of Amsterdam, N. Y., amounting to $373.68 and representing the sum paid by the claimant for board of decedent while she was confined to the Mount Magdalen Training School at Troy, N. Y.

On February 24, 1938, an information was sworn to by a resident of Amsterdam charging the decedent with being a vagrant in violation of subdivision 1 of section 887 of the Code of Criminal Procedure, in that she had no visible means to maintain herself and lived without employment.  A warrant was issued by the Recorder's Court and the decedent placed under arrest by a police officer.  Upon being arraigned she pleaded not guilty.  The court proceeded with the trial, found her guilty and sentenced her to be committed and detained at the Mount Magdalen Training School at Troy, N. Y., for an

indeterminate term not to exceed three years. The warrant of commitment provided that the cost for the care and keeping of the decedent should be charged to the City of Amsterdam or Montgomery County for payment.

The decedent was detained at said institution from February 25, 1938, to June 6, 1939, and the City of Amsterdam paid the sum of $373.68 for her board.

The executor has rejected the claim upon the ground that decedent's confinement to said institution was involuntary and, there being no obligation on the part of the decedent to pay for said board, it cannot be made a valid claim against her estate.

The claimant contends that the amount paid to said institution for the decedent was for her assistance and care and should be paid by her or her estate pursuant to sections 70 and 104 of the Social Welfare Law. While this court is always desirous of protecting the public purse, I am of the opinion that the Legislature in passing the Social Welfare Law did not intend that a person committed to an institution against her will should pay for the expenses incurred by a municipality during her confinement. In my opinion, the Legislature's intention was to give a municipality the right to be reimbursed from those who through no fault of their own but solely because of a physical disability or lack of employment had to look to the city for assistance and care, and, except for emergency cases, where the aid was given upon the application of the person in need, which carried an implied promise to pay.

Where assistance and care are given pursuant to the Social Welfare Law it must be administered by the commissioner of public welfare. The amount to be given and duration of the aid are in his discretion, and if institutional care is necessary the commitment must be made by the commissioner.

In the case at bar, the decedent was committed against her will by a court of criminal jurisdiction and, while it is true that vagrancy is not a crime, it is nevertheless an infraction of the law and the offense is one of a criminal nature. The Commissioner of Public Welfare of the City of Amsterdam had no jurisdiction over the decedent during the period of her confinement in said institution. The decedent was subject to the rules of the institution and could be disciplined for any violation thereof.

I am, therefore, of the opinion, and conclude, that the claim of the Commissioner of Public Welfare of the City of Amsterdam is not a valid claim against the estate of the decedent.

An order may be presented upon notice or settled by consent.