DANIEL H. COAKLEY, JUNIOR, public administrator, *vs.* ATTORNEY GENERAL & another.

Suffolk. March 8, 1945. — September 11, 1945.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Pension. Veteran. Descent and Distribution. Words,* "Funds."

Adjusted service bonds derived from Federal adjusted service compensation, and money saved from payments of a Federal pension, were "funds" in the hands of the administrator of the estate of a deceased veteran of the first World War within U. S. C. (1940 ed.) Title 38, § 450.

Under U. S. C. (1940 ed.) Title 38, § 450, the United States, instead of the Commonwealth, was entitled to property of a deceased resident of Massachusetts derived from Federal pensions received by him as a veteran of the first World War, where under G. L. (Ter. Ed.) c. 190, §§ 2, 3, his estate otherwise would have escheated to the Commonwealth for want of widow, heir or next of kin; it was within the powers of Congress to provide by said § 450 for the "escheat" of such property to the United States in such circumstances.

PETITION for instructions, filed in the Probate Court for the county of Suffolk on April 9, 1942.

The case was heard by *Dillon*, J.

*M. A. Fredo*, Assistant Attorney General, for the Attorney General.

*A. J. B. Cartier*, Assistant United States Attorney, (*G. W. Welch* with him,) for the United States of America.

LUMMUS, J. The judge in the Probate Court reserved and reported without decision (G. L. [Ter. Ed.] c. 215, § 13) this petition for instructions as to whether on the

agreed facts the net estate of John Konon should be distributed to the Commonwealth or the United States of America.

John Konon, an honorably discharged veteran of the first World War, was domiciled in Massachusetts. As an insane person he was an inmate of several hospitals from August 20, 1927, until he died intestate on September 11, 1940, while a patient at the Federal Veterans' Administration hospital in Bedford. A guardian had been appointed for him as an insane person on January 9, 1932. On his death, no widow, heir or next of kin could be discovered, and under the law of this Commonwealth his realty and personalty would escheat to the Commonwealth. G. L. (Ter. Ed.) c. 190, §§ 2, 3. *Hilton* v. *Hopkins*, 275 Mass. 59, 62, 63. His guardian held for him adjusted service bonds valued at $450, which were the product of Federal adjusted service compensation (U. S. C. [1940 ed.] Title 38, §§ 641, 686, 686c), and $511.78 in money, which had been saved from payments of a Federal pension. Both were in their nature pensions, being governmental gifts because of past meritorious service. *Morgan* v. *United States*, 115 Fed. (2d) 426. The petitioner was appointed administrator, received those assets from the guardian, and holds them, minus certain expenses, for distribution to the rightful claimant.

United States Code (1940 ed.) Title 38, § 450, provides "that any funds in the hands of a guardian . . . or person legally vested with the care of the beneficiary or his estate, derived from compensation . . . or pension, payable under said Acts [i.e., those administered by the Veterans' Administration, as the compensation and pension acts are], which under the law of the State wherein the beneficiary had his last legal residence would escheat to the State, shall escheat to the United States." See also § 451. We have no doubt that the net assets held by the petitioner are "funds" within the Federal act.

The Commonwealth contends that escheat is an exercise of sovereign power by the State in which a decedent lived or in which his property has its situs, and that the limited

powers of the United States do not permit an escheat to it of personal property unqualifiedly owned by a decedent domiciled within a State. *Spicer* v. *Smith*, 288 U. S. 430. *United States* v. *Fox*, 94 U. S. 315. *Beaver* v. *Short*, 300 Fed. 113, 114. *Commissioner of Banks* v. *Buckley*, 282 Mass. 512.

But pension money is not unqualifiedly owned nor is it wholly beyond recall. "No pensioner has a vested legal right to his pension. Pensions are the bounties of the government, which Congress has the right to give, withhold, distribute, or recall, at its discretion." *United States* v. *Teller*, 107 U. S. 64, 68. *Lynch* v. *United States*, 292 U. S. 571, 577. The United States as the donor may provide that so long as pension money can be traced and identified it shall be subject to such incidents and restrictions as Congress may prescribe. The contrary was not decided in *Kellogg* v. *Waite*, 12 Allen, 529, for the Federal statute in force at that time did not attempt to control the pension money after it was paid over by the United States. In *Keating* v. *Director of the United States Veterans' Bureau*, 272 Mass. 212, this court recognized the power of Congress to limit the fees for handling pension money allowable to a guardian appointed by a State court. Congress may exempt pension money from attachment, execution and local taxation, although in general the money has become that of the pensioner. Most of the decided cases concern the question of statutory construction with respect to the application of the exemption to substituted property. *Lawrence* v. *Shaw*, 300 U. S. 245. *Carrier* v. *Bryant*, 306 U. S. 545.

There can be no doubt that Congress intended that in a case like the present the net assets in question should revert to the United States. The gift to the pensioner was subject to a sort of condition subsequent to that effect. It is of no importance that, as is contended, the reverter is not properly called an escheat, or that the common law does not recognize a limitation over after an absolute or fee simple estate. *Kelley* v. *Meins*, 135 Mass. 231, 234. The will of Congress rises superior to the common law classification and qualities of estates. Congress may provide new and strange rules for the devolution of pension money. *Sunderland* v.

*United States,* 266 U. S. 226, 232, 233. *County Commissioners* v. *Seber,* 318 U. S. 705, 708, note. *Beaver* v. *Short,* 300 Fed. 113. The decisive thing is that the donor, the United States, has reserved the right to lay its hand upon the pension money or its proceeds in the very event that has happened. The act of Congress governs, and the United States is entitled to the property in question.

Our decision accords with the result reached elsewhere. *Estate of Lindquist,* 25 Cal. (2d) 693, certiorari denied, sub nomine *United States* v. *California,* 325 U. S. 869. *Abbott* v. *Morgenthau,* 93 Fed. (2d) 242. The question here decided was not involved in *United States* v. *Stevens,* 302 U. S. 623.

The petitioner is instructed that the assets in question are to be paid to the United States of America.

*So ordered.*