MATTER OF JAMES J. MORIZZO.

Essex.    November 8, 1956. — January 8, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Mentally Ill Person. Guardian,* Of mentally ill person, Dependent of ward. *Words,* "Support."

The provision of G. L. (Ter. Ed.) c. 201, § 43A, as amended, relative to application of the estate of a mentally ill person by his guardian to the "support" of his dependent parent does not extend to payment of the funeral and burial expenses of the parent.

PETITION, filed in the Probate Court for the county of Essex on February 21, 1956.

The case was heard by *Phelan, J.*

In this court the case was argued before *Wilkins,* C.J., *Ronan, Counihan, Whittemore,* & *Cutter,* JJ., and afterwards was submitted on briefs to all the Justices.

*Herman Newburg,* for the petitioner.

*George N. Welch,* (*Alice E. Carey* with him,) for the respondent.

WILKINS, C.J.    The guardian of a mentally ill veteran appeals from a decree of the Probate Court dismissing his petition for authority to expend $1,140 from funds of the ward for the funeral expenses of the ward's father. The administrator of veterans' affairs, United States Veterans'

Administration,[1] is a party in interest.  G. L. (Ter. Ed.) c. 201, § 2; § 7, as appearing in St. 1956, c. 314, § 3.  See *Keating* v. *Director of the United States Veterans' Bureau,* 272 Mass. 212.  The ward is a patient at the United States Veterans' Hospital at Bedford.  On February 26, 1953, the veterans' administration made a determination that the ward's mother, Antoinette, and his father, Antonio, were dependent upon him and granted the ward monthly war service compensation.  Upon petition of the guardian the Probate Court authorized the expenditure of $150 monthly from the funds of the ward for the support of the parents. On December 5, 1955, the father died leaving no estate.  By a decree dated January 27, 1956, the guardian was authorized to expend $100 from the ward's funds for the support of the mother, who has no other funds available to her.  The ward receives $198.50 monthly war service compensation by reason of her dependency.  At present there is approximately $3,000 in the ward's estate.

According to the petition, the cost of the funeral was $895, the cemetery lot $215, and the offering for church services $30, a total of $1,140, none of which has been paid.  At the hearing below counsel for the veterans' administration stated that he could not agree as to the cost of the funeral and burial.  No evidence was offered.

The judge stated in his report of the material facts found by him that "there is no statutory authority for the expenditure of ward's funds for the purpose of burial of a parent or parents of the ward."

The material statutes are these:  The guardian "shall manage the estate of his ward frugally and without waste, and shall, except as otherwise provided, apply the same, so far as may be necessary, to the comfortable and suitable maintenance and support of the ward and his family." G. L. (Ter. Ed.) c. 201, § 38.  "The probate court, upon the application of the guardian or dependent parent of a mentally ill person . . . may authorize such guardian to apply

---

[1] U. S. C. (1952 ed.) Title 38, §§ 11, 11a.

towards the support of such dependent parent such portion of the estate of such mentally ill person not required for his own maintenance and support as it may order." G. L. (Ter. Ed.) c. 201, § 43A, as appearing in St. 1956, c. 314, § 15. "The word 'support' is often used in our statutes, and in its ordinary signification it includes not merely board, but everything necessary to proper maintenance." *Gould* v. *Lawrence*, 160 Mass. 232. Section 43A was enacted in its original form by St. 1931, c. 420. The only change was made last year in substituting "mentally ill" for "insane." We are unable to read "support" of a dependent parent as including funeral and burial expenses.

It is urged upon us that no specific statutory authority is necessary to empower the expenditures here sought. We must, however, give heed to the statute as drawn, and, regardless of personal preferences, we deem ourselves foreclosed from adopting the inclusive construction of such cases as *Matter of Connolly*, 88 Misc. (N. Y.) 405, *Matter of Neville*, 147 Misc. (N. Y.) 171, and *In re Fitzwater's Guardianship*, 69 Fed. Sup. 866 (D. C. D. C.).

The remedy, if there be need of one, rests with the Legislature.

This opinion is that of a majority of the court.

*Decree affirmed.*