Christopher C. McGrath, S.
This application by the commissioner of welfare of the City of New York to compel the guardian of Lynne Rowan, an infant, to withdraw the sum of $156.36 from the infant’s funds to reimburse the petitioner for past public assistance granted to the infant is granted on consent.
However, the additional requested relief which would require the guardian of the infant to reimburse the petitioner from' the infant’s funds for past public assistance granted to the infant’s parents and to provide the cost of future maintenance for the infant’s parents so that they will have no further need for public assistance is not within the jurisdiction of this court in this proceeding.
Although at common law no duty was imposed upon a child to support a parent (Matter of Salm, 171 Misc. 367, affd. 258 App. Div. 875, affd. 282 N. Y. 765), now there are statutory requirements for the support of a parent by a child, where the child is of sufficient ability and the parent is the recipient of public relief or is likely to become in need of it (Social Welfare Law, § 101; Code Crim. Pro., § 941). Since these sections are in derogation of the common law, they should be strictly construed.
The commissioner of welfare of the City of New York relies on section 194 of the Surrogate’s Court Act, and section 101 of the Social Welfare Law as authority for this court to grant the requested relief. A careful reading of section 194 of the Surro *761 gate’s Court Act discloses that the underlying principle of this section points to the fact that the property of an infant under the jurisdiction of the Surrogate’s Court can he used only for the support and education of the infant and not for the benefit of another person, except that under certain circumstances the infant’s funds in a reasonable amount may be used for the funeral expenses of a parent.
Although section 101 of the Social Welfare Law and section 914 of the Code of Criminal Procedure define the persons who shall be liable for the support of any person cared for at public expense or liable to become so dependent, section 102 of the Social Welfare Law provides for bringing the proceedings to enforce liability in a court of competent jurisdiction. Although the phrase ‘ ‘ court of competent jurisdiction ’ ’ is not defined in section 102 of the Social Welfare Law, this section must be read together with section 915 of the Code of Criminal Procedure (Betz v. Horr, 276 N. Y. 83, 88). This last-mentioned section sets forth the procedure to enforce support and clearly states that the application must be made to the Court of General Sessions of the County of New York, or to the Supreme Court of the State of New York, or to the County Court, or in some cases to the City Court of a city and in Nassau County, to the District Court of said county.
Obviously, this section excludes the Surrogate’s Court. It therefore becomes apparent that this court is precluded from granting the relief requested in this application based on the claim for past and future public assistance for the infant’s parents. It seems clear to this court that the remedy of the commissioner of welfare lies in the jurisdiction of another court and not in the Surrogate’s Court (3 Warren’s Heaton on Surrogates’ Courts [6th ed.], § 325, subd. 7, par. [b]; 1932 Atty. Gen. 402).
Except for the relief granted herein on consent, for the reasons stated, the remainder of the application is denied.
Settle order.