In the Matter of Barbara F. Brodine, an Infant. Henry R. Dutcher, Jr., as Guardian, et al., Appellants. William B. Woods, as Director of Public Welfare of Monroe County, Respondent.

Fourth Department, May 5, 1960.

*Dutcher & Dutcher* (*Henry R. Dutcher, Jr.*, in person, of counsel), for Henry R. Dutcher, Jr., appellant.

*Robert D. McClive* and *John A. Merrill* for Veterans Administration, appellant.

*Charles G. Finch* and *Leo T. Minton* for respondent.

HALPERN, J.  The question presented is whether the Surrogate's Court had the power to direct that payment should be made out of the funds of the infant, who had been committed to a private institution by an order of the Children's Court on a charge of delinquency, for the cost of the infant's support and maintenance at the institution.

Section 40 of the Children's Court Act authorizes the Children's Court Judge to order a " parent or other person having the duty under the law to support " a child which had been committed under the act, to pay in whole or in part for the support of the child.  (See similar provision in section 56-a of the Domestic Relations Court Act of the City of New York.)

Whether, under this section, the court would have the power to order payment out of the child's own estate in an appropriate case, we need not decide. No order was granted by the Children's Court in this case, in connection with the commitment of the child, requiring anyone to pay any part of the cost of her support.

In this situation, the Surrogate had no authority to direct the reimbursement of the public welfare official out of the child's funds. The Surrogate based his order upon three grounds: (1) a common-law obligation; (2) section 104 of the Social Welfare Law; (3) sections 40 and 194 of the Surrogate's Court Act. None of these grounds supports his order. (1) There is no common-law basis for imposing liability (*City of Albany* v. *McNamara*, 117 N. Y. 168). (2) Section 104 of the Social Welfare Law is not applicable. That section applies only to public assistance or care rendered by, or under the direction of, a public welfare official; an implied contract to pay is declared to arise from the receipt of such assistance or care. Support and maintenance in an institution in which the child is involuntarily incarcerated on a charge of delinquency, by a court order, is not "public assistance or care" within the meaning of that section (*Matter of Charles*, 181 Misc. 194). (3) Sections 40 and 194 of the Surrogate's Court Act merely provide the procedural means by which reimbursement may be obtained out of the funds of a child, for expenditures for which the child is liable; they do not undertake to define the circumstances under which liability on the part of the child arises. Payment may not be ordered under those sections unless there is some substantive ground for imposing liability (cf. *Matter of Littauer*, 285 App. Div. 95; *Matter of Rowan*, 11 Misc 2d 759) and there is no such ground here.

The conclusion here reached is consistent with the provisions of other statutes dealing with payment for the support of juvenile delinquents. Thus we find in section 409 of the Social Welfare Law, in connection with the provision for the reimbursement of public welfare districts by the State for the support of juvenile delinquents committed by the Children's Court, a reference to the amounts collected "for the support of such delinquents from parents or others pursuant to orders of such court". Section 110 of the Social Welfare Law deals with juvenile delinquents committed to State institutions. That section provides for payment of the cost of the maintenance of the child by the "parents or other persons responsible for his or her support" in accordance with an order of the court committing the child, which shall be obtained in a proceeding brought

" in accordance with section forty of the children's court act, section fifty-six-a of the domestic relations court act of the city of New York or other applicable statute, as in the case of orders for support of delinquent children committed by the court to private institutions ". Both sections 110 and 409 of the Social Welfare Law indicate a legislative intent to make section 40 of the Children's Court Act and section 56-a of the Domestic Relations Court Act of the City of New York the exclusive means of establishing liability for the support and maintenance of a child committed to an institution as a juvenile delinquent.

The order appealed from should be reversed and the proceeding dismissed.

Present — WILLIAMS, P. J., BASTOW, HALPERN, McCLUSKY and HENRY, JJ.

Order unanimously reversed on the law and facts and proceeding dismissed, with $50 costs and disbursements to appellant against the Director of Public Welfare.