John D. Bennett, S.
This is a proceeding to compel an accounting commenced by the Commissioner of Hospitals of the City of Hew York, whose claim for services rendered to the decedent’s father has been rejected by the estate. The hospitalization of decedent’s father, which gives rise to this claim, commenced in 1954 and continued on to 1957. The claim is confined, however, to that period of hospitalization during which the decedent herein was alive.
Respondent’s argument that petitioner may not enforce his claim in this court has no merit. Ho useful purpose would be served by citing the numerous claims of a like nature, made by welfare agencies before Surrogates ’ Courts, for reimbursement of public assistance granted to relatives of decedents. Generally, the merits of such a claim, like those of any other claim, may be determined in an accounting proceeding, in which proceeding this court has full and ample jurisdiction. The case of Matter of Rowan (11 Misc 2d 759), cited by respondent, concerning as it does the liability of an infant’s funds for public assistance granted to the infant’s parents, has no application here.
The further contention that the petitioner, assuming him to be a creditor, cannot maintain a proceeding for a compulsory intermediate accounting, since he is not a u person interested ” under section 253 of the Surrogate’s Court Act, is- likewise unsound. Section 259 of the Surrogate’s Court Act expressly provides that a creditor may commence a compulsory accounting proceeding. Whether in fact the accounting will be final, or only intermediate, depends upon facts irrelevant to the creditor’s statutory right to compel an account. The respondent’s attempt to distinguish between a creditor of the decedent *432 and a creditor of the estate, as far as the right to compel an account is concerned, also has no basis. Whether petitioner is a creditor of the decedent or of the estate is immaterial to his right to compel an accounting.
On the evidence adduced at the hearing, the court holds that the petitioner has established prima facie that he is a creditor of this estate, and therefore has sufficient status to maintain this proceeding. Respondent’s contention that the petitioner is prevented from bringing this claim because there was outstanding at decedent’s death an order of the Domestic Relations Court of the City of New York, is at best a matter of defense which the court at this time does not pass upon. This Domestic Relations Court order was to determine the amount of support the respondent should contribute to his father’s support, and the order was never sought to be modified by petitioner. Said order was granted in 1944 or 1945, prior to the rendering of any of the services which form the basis of the claim of the City of New York. The respondent is directed to file his account within 30 days of the decree to be made hereon, and to secure the issuance of citation.