Harry G. Herman, S.
In connection with this petition pursuant to section 194 of the Surrogate’s Court Act for the withdrawal of funds from the estate of this infant for his support and education, the application, insofar as it seeks payment for debts of the infant’s deceased father, is denied (cf. Matter of Brodine, 10 A D 2d 414, affd. 13 N Y 2d 734; Matter of Rowan, 11 Misc 2d 759).
As Surrogate McGrath stated in Matter of Rowan (supra, pp. 760-761): “A careful reading of section 194 of the Surrogate’s Court Act discloses that the underlying principle of this section points to the fact that the property of an infant under the jurisdicition of the Surrogate’s Court can be used only for the support and education of the infant and not for the benefit of another person, except that under certain circumstances the infant’s funds in a reasonable amount may be used for the funeral expenses of a parent.”
The petition also seeks payment of the funeral expenses of the infant’s deceased father. In this case the infant’s stepmother, the decedent’s widow, took by right of survivorship a house and lot, valued at $20,000. While there is both statutory and case authority for charging the funeral expenses of a deceased parent to the infant’s estate (Surrogate’s Ct. Act, § 194, as amd. by L. 1948, ch. 69, eff. Sept. 1, 1948; Matter of Connolly, 88 Misc. 405; Matter of Neville, 147 Misc. 171), this would seem to be applicable where the estate of the deceased is insufficient to pay the cost of the funeral and where the surviving spouse .of isaid decedent is indigent .and there are no other adult members of the deceased’s immediate family who can bear this expense (cf. Matter of Kessler, 153 Misc. 753).
The amendment to section 194 of the Surrogate’s Court Act with regard to a parent’s funeral expenses (as enacted by L. 1948, ch. 69) was recommended by the Executive Committee of the Surrogate’s Association of the State of New York. The note following the session law indicates that it was (p. 71): “ deemed appropriate to provide express authority for such payment under the supervision of the surrogate and in his discretion as to what constitutes a reasonable contribution by the infant to the total cost.”
Under the circumstances of this case the application, insofar as it seeks payment of funeral expenses, is denied.
The petitioner estimates that she will expend $80 per month for the support of the infant, and requests that the court *622 permit her to withdraw $80 per month for the next year for the infant’s support and maintenance. Since the moving papers indicate that said guardian receives directly on behalf of the infant $55.50 per month from social .security benefits, the court will grant the request to withdraw funds for the infant’s support and maintenance only in the reduced amount of $24,50 monthly. The petition is granted in all other respects.