*In re* ESTATE OF THADDEUS K. CHRZAN, JR., *et al.*, Minors.—(IRENE CHRZAN, Claimant-Appellant, *v.* CAROL CHRZAN RUANE, Guardian-Appellee.)

Second District (2nd Division)    No. 75-432

Opinion filed August 23, 1976.

James J. Kilgallon, of Chicago, for appellant.

Roger K. O'Reilly, of Wheaton, for appellee.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Appellant filed a claim against the estate of the minor children of her deceased son seeking reimbursement for her son's funeral and burial expenses. Appellee, divorced wife of appellant's deceased son, and natural mother and appointed guardian of the minor children, filed a petition to dismiss appellant's claim. The trial court granted the petition.

The record in the instant case contains a dearth of facts. Based upon appellant's claim and defendant's petition accompanied by affidavit, we are able, however, to glean the following information. Decedent died a resident of Missouri, leaving unvalued personal property in that State. He also left a checking account, of an undetermined value, in Kansas. Decedent's three minor children, who lived with their mother in Illinois, received proceeds from decedent's life insurance as well as the proceeds of his checking account from his ancillary estate in Kansas. Appellant

went to Missouri where she incurred expenses in arranging for decedent's funeral and burial.

In her claim, appellant alleged that decedent left no will or estate subject to probate, that property left in Kansas was less than the exemption allowed under law, that the minor children received in excess of $35,000 from decedent's life insurance policy, and that she incurred expenses of $3254.78 incidental to decedent's funeral and burial, which amount, she asserts, is due from the minors' estate.

In her petition and supporting affidavit, appellee alleged that appellant made no claim against the decedent's estate; that while in Missouri, she garnered decedent's personal property consisting of camera equipment, jewelry and furniture; that she also received $500 for burial expenses from decedent's insurance company and an $80 rebate on an unused portion of his automobile insurance premium; and that there is no law in Illinois holding the estate of a minor liable for the funeral expenses of a deceased parent. Appellee prayed that the claim be dismissed for failure to state cause of action or, in the alternative, that the court hold a hearing to determine the value of that which was already in appellant's possession—insurance proceeds and decedent's personal property.

■■ The trial court dismissed appellant's claim and the appellee maintains that the estate of a minor is under no legal duty to pay the funeral expenses of a deceased parent. The appellant contends, however, that equity requires reimbursement for such expense from the estate.

At common law, a child was not liable for the support of a parent. Whatever duty exists, therefore, must be based on either contract or statute. (*Shaver v. Brierton*, 1 Ill. App. 2d 192, 195 (1954).) Because of this common law rule with regard to support, recovery of funeral expenses has not been allowed in other jurisdictions even where the guardian wished to pay such expenses for the ward's indigent parent. *In re O'Leary's Estate*, 352 Pa. 254, 42 A.2d 624, 625 (1945); *In re Morizzo*, 335 Mass. 251, 139 N.E.2d 719, 720 (1957).

Recent legislative activity in Illinois on this subject has manifested a disinclination to allow recovery against the minor's estate. While section 1—12 of the Public Assistance Code of Illinois designated "children" as "responsible relatives" required to pay a needy parent's funeral and burial expenses (Ill. Rev. Stat. 1963, ch. 23, par. 112), this provision was amended to exclude children from the category of "responsible relatives." Ill. Rev. Stat. 1973, ch. 23, par. 10—2.

In New York, a statute similar to our former section 1—12 was amended to strike the word "child" as a person liable for a decedent's parents' funeral expenses. Lately, a New York trial court, noting this amendment, stated in dicta that if the plaintiff were seeking recovery of funeral expenses "off the top" of a wrongful death fund recovered by

decedent's children, this statutory amendment would preclude such recovery against the children's funds. *Estate of Ward,* 84 Misc. 2d 196, 375 N.Y.S. 2d 243, 245 (1975).

The only case in Illinois relating to this question concerned an incompetent, not a minor. (*Simpson v. Roberts,* 205 Ill. App. 35 (1917).) In this abstracted case, the court stated:

> "[T]he funeral expenses of the mother of the ward are not primarily a necessity nor a proper charge atainst [*sic*] the ward. It may well be that upon a proper showing the ward could be charged with that expense but no such showing was made."

We conclude, absent a statute, the estate of a minor is under no legal duty to pay a deceased parent's funeral expenses.

To conclude, however, that under all circumstances a person may not recover funeral expenses of a deceased parent from the minor's estate would be, in our opinion, an inequitable and unjust result. Section 140 of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 140) provides that the guardian of a ward's estate, under the direction of the court, "shall apply the income and principal of the estate so far as necessary for the comfort and suitable support and education of the ward and persons related by blood or marriage who are dependent upon or entitled to support from him, *or for any other purpose which the court deems to be for the best interests of the ward,* and the court may approve the making on behalf of the ward of such agreements as the court determines to be for the ward's best interests." (Emphasis added.)

It is evident from this section that the legislature intended the court to employ its equitable power in dispersing a minor's funds in order to achieve a just result which is in the minor's best interest. In reaching such result the court may consider various factors, *i.e.,* (1) whether decedent's estate is insufficient to pay funeral costs (see *In re Neville's Estate,* 147 misc. 171, 263 N.Y.S. 528 (1933); *In re Geller,* 198 Misc. 388, 98 N.Y.S. 2d 797 (1950)); (2) whether other adult members of decedent's immediate family can bear the expense (see *In re Guardianship of Richards,* 44 Misc. 2d 620, 254 N.Y.S.2d 490, 491 (1964); *In re Kessler's Estate,* 153 Misc. 753, 276 N.Y.S. 773 (1934)); (3) whether the minor's estate is derived wholly from a life insurance policy of decedent (see *In re Neville's Estate; In re Fitzwater's Guardianship,* 69 F. Supp. 866 (D. D.C. 1947); (4) whether the ward and guardian desire to pay the expenses in question (see *In re Fitzwater's Guardianship;* and (5) whether the funeral expenses are reasonable (see *In re Neville's Estate*).

■■ We conclude, therefore, that although no legal duty exists requiring the estate of a minor to pay a deceased parent's funeral expenses, such expenses may be recovered from the minor's estate where

a court, exercising its equitable powers, determines that the best interests of the ward will be served by such payment.

The trial court dismissed appellant's claim on the basis that no legal obligation existed on the minors' part to pay the expenses appellant claims are due her, without considering whether equity may require appellant's reimbursement.

We, therefore, vacate the judgment and remand the cause to allow the court to consider what, if any, equitable circumstances surround appellant's claim.

Judgment vacated and cause remanded.

RECHENMACHER and DIXON, JJ., concur.