Agnes, A.J.
1. This is a civil action in the nature of interpleader filed by the plaintiff Washington Mutual Bank, FA to determine the disposition of surplus funds. The plaintiff bank held the first mortgage on a parcel of real property located at 8 Brigham Street, Hubbardston, Mass. The plaintiff bank foreclosed on the property on or about Januaiy 16, 2004. At auction the property realized the sum of $92,000 which produced surplus funds in the amount of $7,260.13. These funds are being held in escrow by counsel for the plaintiff. The plaintiff has supplied the court with documentation that its lawyers have charged $2,096.00 for counsel fees and that in addition there are expenses totaling $5,542.78. which include filing fees, publication costs and constable fees. Finally, the plaintiff suggests its attorneys reasonably anticipate expending an additional $600 in connection with this litigation. The plaintiff seeks an award of attorneys fees and costs totaling $7,260.13 which would exhaust the surplus funds.
2. Under the American system, parties are generally required to bear their own costs, regardless of which pariy ultimately prevails. Preferred. Mutual Ins. Co. v. Gamache, 426 Mass. 93, 95 (1997). However, “(r)easonable attorneys fees have been frequently recovered where the contract between the parties provides for their payment, as in the case of the foreclosure of mortgages or in agreements of indem *500 nity or contracts to advance money.” Leventhal v. Krinsky, 325 Mass. 336, 341 (1950). The plaintiff does not rely on the terms of its contract with the debtor-mortgagor. Instead, it maintains that it is entitled to an award of fees and costs in actions of this nature. Plaintiffs motion at 2 citing Bridgewater Savings Bank v. United States, 1978 WL 4507 (D.Mass.) (referring to a “customary practice” in the First Circuit), and Ferber Co. v. Ondrick, 310 F.2d 462 467 (1st Cir. 1962) (recognizing that a party was entitled to be awarded an interpleader fee). In each of these cases, however, the party which obtained the interpleader fee had been forced to file the action because it faced a claim by a potential owner of the property or claims by conflicting stakeholders. In such circumstances, this court has discretion to award attorneys fees and costs. See Chartrand v. Chartrand, 295 Mass. 293, 297 (1936). In this case, by contrast, the plaintiff elected to file this action simply to be relieved of the responsibility to hold the surplus funds. Presumably, the plaintiff could not locate the owner of the real estate that was sold or another legitimate stakeholder. Yet, the plaintiff could have avoided any costs and any potential liability simply by paying these surplus funds over to the state treasurer. See G.L.c. 200A, §15A.
3. When surplus funds remain in the hands of a bank following a foreclosure auction and neither the owner nor any stakeholder can be found, the bank has several options. It may choose to pay the funds to the state treasurer, G.L.c. 200A, §15, it may seek to pay the funds into court, or it may hold the funds. See G.L.c. 167, §35 (unclaimed dividends and funds left over after the liquidation of a bank are to be paid to the state treasurer and shall if unclaimed escheat to the Commonwealth). If the funds are paid into court or held by the bank, they become “abandoned property” after three years if neither the owner or any heirs or distributees can be located. G.L.c. 200A, §§1A, 2, 3, and 6. Persons holding abandoned property must report the same to the state treasurer on an annual basis. G.L.c. 200A, §7. Ultimately, if no owner can be found, the funds become the property of the Commonwealth of Massachusetts. See Coakley v. Attorney General, 318 Mass. 508, 509 (1945) (under the law of this Commonwealth, the real and personal property of an honorably discharged veteran who dies intestate while a patient of the state and who has no widow, heir or next of kin, his realty and personalty would escheat to the Commonwealth).
4. In the circumstances of this case, the plaintiff bank filed an interpleader action purely on the basis of convenience and not necessity to be relieved of the burden of holding surplus funds that may soon be regarded as the property of the Commonwealth of Massachusetts. The plaintiff bank could have elected other options that would not have exposed it to risk nor would have necessitated that it incur legal fees and costs. For these reasons, I decline to award the plaintiff any reimbursements for legal fees or costs.