In the Matter of the Accounting of WILLIAM V. ELLIOTT, Public Administrator of Kings County, as Administrator of the Estate of WILLIAM A. CAMPBELL, Deceased.

Surrogate's Court, Kings County, March 31, 1949.

*Thomas J. Snee* for administrator, petitioner.

*Paul J. Madden,* special guardian for unknown persons, objectant.

*J. Vincent Keogh, United States Attorney for the Eastern District of New York (Jesse G. Silverman* of counsel), for United States of America, claimant, objectant.

*Nathaniel L. Goldstein, Attorney-General (Anthony P. Rusin* of counsel), for Superintendent of Kings Park State Hospital, claimant, objectant.

McGarey, S. On this accounting by the administrator of the decedent's estate, the court must determine whether the net balance is payable to the State of New York or to the United States of America.

The decedent was a Spanish American War veteran and died intestate on July 28, 1943. Diligent effort by the Public Administrator and the special guardian has failed to disclose the existence of any distributees surviving the decedent. His estate consists of assets derived solely from pensions paid to the decedent through his committees by the United States Government.

Section 450 of title 38 of the United States Code regulates the manner in which the Veterans' Administrator may make payments to minors, mental incompetents or persons under legal disability. Subdivision (3) thereof provides for escheat to the United States of funds paid by it and derived from insurance or pension, remaining in the possession of an incompetent veteran's fiduciary, should such funds otherwise escheat to the State of the incompetent's residence. By force of such section, the United States claims the distributable balance which remains. The State of New York does not oppose such claim, but the special guardian for unknown next of kin does oppose, contending that there is a presumption that a person does not die without next of kin, and section 450 is inapplicable until the United States establishes the right of escheat because of lack of next of kin.

Pension payments to guardians of incompetent veterans vests title in the ward and discharges the obligation of the United States with respect thereto (*Spicer* v. *Smith,* 288 U. S. 430). However, a pensioner has no vested legal right to his pension; pensions are the bounties of the Government which Congress has the right to give, withhold, distribute or recall, at its discretion (7 A.L.R. 1657, and cases cited therein; *Abbott* v. *Morgenthau,* 93 F. 2d 242, 245, certiorari denied 303 U. S. 638). Pension payments must be made and accepted in exact conformity with the terms of the grant, and subject to all of the limitations, conditions and exceptions therein contained (*Donnelly* v. *United States,* 17 U. S. Ct. Cl. 105, 108).

Congress enacted the legislation dealing with veterans' pensions and provided the funds for their payment, a matter within its jurisdiction. Hence the law with respect thereto is binding upon the States (U. S. Const., art. VI, par. 2; *Matter of McGhee,* 149 Misc. 713, affd. 239 App. Div. 763, affd. 262 N. Y. 686). *Matter of Lindquist* (25 Cal. 2d 697, certiorari denied 325 U. S. 869) and *Matter of Walker* (25 Cal. 2d 719, certiorari denied 325

U. S. 869) are somewhat similar to this case in their factual aspects. In both cases it was held that the residue of the funds in the fiduciary's hands were impressed with the reversionary right in favor of their donor, the United States. This court concurs with those holdings.

In the *Walker* estate (*supra*, p. 720) the court states, " Prior to the amendment in 1935 (49 Stats. 607, chap. 510, § 1) of the federal statute under which the United States claims its right to receive the funds in question (38 U.S.C. § 450, subd. [3]), such statute did not specify funds from pension payments as being subject to its operation." In that case, however, it was conceded the funds in question consisted of pensions paid subsequent to 1938. Even if a portion of the funds herein consists of pension payments made prior to 1935, the right of the United States to the entire fund is clear in the light of section 5 of the aforesaid act of August 12, 1935 (49 U. S. Stat. 609), which provides, " That this Act shall take effect and be in force from and after its passage, but the provisions hereof shall apply to payments made heretofore under any of the Acts mentioned herein." Amendments to veterans' relief acts are effective retroactively (*Singleton* v. *Cheek*, 284 U. S. 493, 497; *White* v. *United States*, 270 U. S. 175, 180; *Matter of McCormick*, 169 Misc. 672, 678).

The decedent herein was an inmate of a State hospital since pension payments were made on his behalf. In *Matter of Bonner* (192 Misc. 753) the decedent was an inmate of a veterans' facility, and escheat of his entire estate was predicated and granted upon the self-executing provisions of sections 17-17j and section 450 of title 38 of the United States Code. The observations therein made by Surrogate SAVARESE, commencing at page 756, with respect to escheat and the citation of authorities in support of his conclusions are equally applicable to the facts of this case.

Section 450 of title 38 of the United States Code does not, however, grant any right to a decedent's distributee to file a claim with the Veterans' Administration for a refund of property escheated by virtue of that section. Under section 17f, however, the right is accorded a distributee to file a claim within five years to property escheated of a user of a veterans' facility. A distributee of a veteran who was not a user of a facility should be granted at least the same period of time within which to file his claim as such. More than five years have elapsed since the death of the decedent, and as there has been no claim filed herein by a distributee, the court holds that the distributable balance herein, which consists entirely of funds derived from pension, is to be paid to the Treasurer of the United States.

There remains for determination the claim filed by the State of New York for additional compensation for the care, support and maintenance of the decedent while a patient in Kings Park State Hospital. On the record, as submitted, the court would be required to dismiss the claim. However, since there may be additional evidence to be submitted in support of the claim, claimant will be afforded an opportunity to produce such evidence, by noticing, on or before April 20, 1949, the matter for hearing. In the absence of such notice, the claim will be dismissed.

Proceed accordingly.