In the Matter of the Accounting of HYMAN WANK, Public Administrator of Kings County, as Administrator of the Estate of BETTY PRICE, Deceased.

Surrogate's Court, Kings County, March 14, 1951.

*Thomas J. Snee* for administrator, petitioner.

*Frank J. Parker, United States Attorney for the Eastern District of New York (M. Jay Meckler of counsel), for United States of America, respondent.*

*Nathaniel L. Goldstein, Attorney-General (Corning G. Mc-Kennee of counsel), for People of the State of New York, respondent.*

*Irving L. Hahn,* special guardian for unknown next of kin.

RUBENSTEIN, S. The decedent was the incompetent widow of an Indian Wars veteran, and as such, pensions were paid to her committee by the Veterans' Administration until her death on August 6, 1947, in a State institution. Her estate consisted of a balance of unexpended pension moneys and the proceeds of a life insurance policy upon her life.

The United States of America claims the net estate by escheat under section 450 of title 38 of the United States Code, as diligent search has thus far failed to disclose the existence

of any distributees surviving the decedent. Under that section it has been held that the estates of incompetent beneficiaries of the Veterans' Administration who die intestate, being non-users of a veteran's facility at death, without next of kin and whose assets are derived solely from pensions or other benefits paid by the Veterans' Administration escheat to the United States (*Matter of Campbell,* 195 Misc. 520; *Matter of Grout,* N. Y. L. J., Nov. 20, 1950, p. 1248, col. 7).

Subdivision 3 of section 450 of title 38 of the United States Code provides that the reversionary right retained by the United States to the funds in the hands of an incompetent beneficiary's representative extends to any funds paid by it, " less legal expenses of any administration necessary to determine that an escheat is in order." The reasonable funeral expenses of a beneficiary from such fund is not prohibited, in the absence of other available funds capable of being used for such purposes (cf. *Matter of Montgomery,* 129 Misc. 14). That section does, however, impliedly prohibit the expenditure of any part of the benefit fund, when other funds are available, for any purpose other than that required to determine an escheat is in order.

Pensions, which do not include any direct contribution thereto by the beneficiaries, are bounties of the Government (*Matter of Campbell, supra*). It is equitable that such remaining pension moneys should be returned to their donor as the primary purpose of their grant ended with the death of the beneficiary.

The intent that the State should not profit with respect to funds administered by the Veterans' Administration is further evidenced by the provisions of sections 451 and 686c of the same title. Those sections provide that should escheat of a veteran's estate ensue, then unpaid installments for compensation, yearly renewable term insurance or accrued maintenance and support allowances and adjusted compensation shall be retained by and escheat to the United States. Such congressional intent can be given effect by the application of the principles underlying the doctrine of marshaling of assets (*Farmers Loan & Trust Co.* v. *Kip,* 192 N. Y. 266, 283). The proceeds of the life insurance policy constitute a definite, traceable fund, unconnected with governmental benefits and should, therefore, be first used in the payment of the decedent's funeral expenses and the perpetual care of her grave, and since the sum total of such expenditures exceeds the said proceeds, the net estate shall be paid to the Treasurer of the United States.

Proceed accordingly.