Maximilian Moss, S.
In this accounting by the Public Administrator the court is required to determine the manner of the disposition of the net estate assets. The decedent, an incompetent veteran, died in a facility of the Veterans’ Administration on July 22, 1952, where he had previously been confined from 1920 until his death. A committee of his person and *731 property had been appointed on February 5, 1920 by the Supreme Court of the State of New York, Kings County. The estate consists entirely of Veterans’ Administration benefits and earnings therefrom. The funds were turned - over to the Public Administrator by order of the Supreme Court. A claim of kinship was asserted by one who claimed to be both brother-in-law and cousin; but the claimant failed to appear at the time set for a hearing to establish his kinship. A claim to the net estate is now made by the United States Attorney in behalf of the Treasurer of the United States pursuant to sections 17-17j of title 38 of the United States Code.
The court has given consideration to the very learned opinion in Matter of Hammond (205 Misc. 309), wherein the court directed the deposit of the net estate to the Comptroller of the State of New York on the theory that no escheat was effected thereby. However, this court is in accord with the reasonings and conclusions expressed in the opinions in Matter of Campbell (195 Misc. 520); Matter of Bonner (192 Misc. 753); Matter of Price (199 Misc. 833). Veterans’ benefits are bounties of the Government and as such should be refunded and returned to their donor since their grant ended with the death of the beneficiary (Matter of Price, supra; Matter of Campbell, supra), particularly as in this instance there has been no claim established by any person as a distributee. This situation parallels in many of its aspect refunds payable to municipalities for welfare benefits.
This court accordingly finds that the net distributable estate should be paid to the Treasurer of the United States in accordance with sections 17 through 17j of title 38 of the United States Code. Settle decree on notice.