In the Matter of the Accounting of Joseph W. R. Dally, as Administrator of the Estate of Frank T. Hammond, Deceased. United States of America, Appellant; Nathaniel L. Goldstein, as Attorney-General of the State of New York, et al., Respondents.

Second Department, July 9, 1956.

*Paul W. Williams,* United States Attorney for the Southern District of New York (*Alfred P. O'Hara* and *Eliot H. Lumbard* of counsel), for appellant.

*Jacob K. Javits,* Attorney-General (*A. W. Feinberg, James O. Moore, Jr.,* and *John F. Hmiel* of counsel), for respondents.

MURPHY, J.   Frank T. Hammond, a resident of this State and an incompetent veteran, died intestate.   His net estate of $573.96 consists wholly of unexpended benefits afforded decedent by the appellant.   The money is within the scope of so much of subdivision (3) of section 450 of title 38 of the United States Code (hereinafter referred to as section 450) as reads: "*Provided further,* That any funds in the hands of a guardian, curator, conservator, or person legally vested with the care of the beneficiary or his estate, derived from compensation, automatic or term insurance, emergency officers' retirement pay, or pension, payable under said Acts, *which under the law of the State wherein the beneficiary had his last legal residence would escheat to the State, shall escheat to the United States* and shall be returned by such guardian, curator, conservator, or person legally vested with the care of the beneficiary or his estate, or by the personal representative of the deceased beneficiary, less legal expenses of any administration necessary to determine that an escheat is in order, to the Veterans' Administration, and shall be deposited to the credit of the current appropriations provided for payment of compensation, insurance or pension." (Emphasis supplied.)   Accordingly the money belongs to the appellant if under our State law it would otherwise escheat to the State.   It is settled that section 450 and kindred Federal statutes are paramount to State law and are enforcible as attaching a valid condition to a gift.   (*Matter of Lindquist,* 25 Cal. 2d 697, cert. denied 325 U. S. 869; *Matter of Germanovich,* 122 F. Supp. 169; *Coakley* v. *Attorney General,* 318 Mass. 508; *Matter of Campbell,* 195 Misc. 520; *Matter of Price,* 199 Misc. 833.)   As observed in *Matter of Price* (*supra,* p. 834), it was the intent of Congress "that the State should not profit with respect to funds administered by the Veterans' Administration".   As between a State and the appellant the

latter is entitled to the return of its unexpended bounty. Whether the term " escheat " used in section 450 is wholly appropriate is not of controlling importance (*Matter of Gonsky,* 79 N. D. 123).

The money would escheat to this State upon failure of title by reason of defect of heirs (N. Y. Const., art. I, § 10; cf. Abandoned Property Law, § 200). The escheat includes personalty and vests on death by operation of law irrespective of subsequent confirmation by court decree. (*Matter of People [Melrose Ave.],* 234 N. Y. 48; *Johnston* v. *Spicer,* 107 N. Y. 185, 200; *Matter of Kelly,* 190 Misc. 250, 253; *Matter of Bonner,* 192 Misc. 753, 756.) This State will not turn personalty over to the representative of a nonresident decedent where " It is reasonable to expect that the net proceeds after administration will escheat." (*Matter of Menschefrend,* 283 App. Div. 463, 467.)

In the case at bar no distributees have been discovered despite a diligent effort. The money, then, should be turned over to the appellant unless further retained under State process for a reasonable period during which possible distributees might present claims (*Lyeth* v. *Hoey,* 305 U. S. 188, 193; *Matter of Lindquist, supra,* p. 712).

By the decree appealed from, the claim of appellant to the money has been disallowed and it has been paid to the State comptroller. Section 272 of the Surrogate's Court Act provides that where a distributee is unknown the decree must direct payment to the comptroller and, in conjunction with subdivision 3 of section 1406 of the Abandoned Property Law, that the Surrogate's Court or Supreme Court may on petition determine claims to the share of such distributee. There is no time limitation. The share is characterized as " abandoned property " (Abandoned Property Law, § 600, subd. 1, par. [b]). It is put into an " abandoned property fund " by the comptroller and excess of that fund over $750,000 is paid " to the credit of the post-war reconstruction fund." (State Finance Law, § 95, subd. 2.) This latter fund, under the label of " capital construction fund ", may be appropriated for State projects and improvements (State Finance Law, § 93), in accordance with the declared policy of the State as to escheated lands and unclaimed property (Abandoned Property Law, § 102).

Thus, as between the appellant and the State, the money is devoted to State purposes to the exclusion of the appellant, a result which is the antithesis of that provided for by section 450. This State statutory scheme must yield to the superior claim of the appellant under section 450. In the absence of other and reasonable State process whereby the money would

be retained for a definite period during which to afford alleged distributees an opportunity to claim it, the application of the appellant should have been granted.

The notice of appeal states that the appeal is also from the decision. No separate appeal lies from a decision.

The decree, insofar as appealed from, should be reversed on the law, without costs; the claim of appellant should be allowed, without costs, and the proceeding should be remitted to the Surrogate's Court for the making and entry of an appropriate decree. The findings of fact should be affirmed.

The appeal from the decision should be dismissed, without costs.

WENZEL, Acting P. J., UGHETTA, HALLINAN and KLEINFELD, JJ., concur.

Decree, insofar as appealed from, reversed on the law, without costs; the claim of appellant allowed, without costs, and the proceeding remitted to the Surrogate's Court for the making and entry of an appropriate decree. The findings of fact are affirmed.

Appeal from decision dismissed, without costs.