Maximilian Moss, S.
The decedent was a World War I veteran who was adjudicated an incompetent in 1934. He was then hospitalized for the remainder of his life as a ward of the Veterans’ Administration. The hospital records disclose no information concerning next of kin, except that he had a brother whose whereabouts were then unknown. During the many years of decedent’s confinement in the hospital, no one claiming relationship to him ever inquired as to his welfare. His distributees cannot with due diligence be ascertained at this time. The assets of the estate consist of funds derived from the payment of Veterans’ Administration benefits to decedent. The Veterans’ Administration claims that the net fund must escheat to the United States Government by virtue of subdivision (3) of section 450 of title 38 of the United States Code [now U. S. Code, tit. 38, § 3202, subd. (d)]. The Public Administrator has rejected the claim on the ground that there is no adequate proof that decedent died without known heirs.
The property of a person who dies intestate and without heirs escheats to the State by operation of law (Abandoned Property Law, §§ 600, 603). When the State does not establish its right to escheat, payment is made to the Comptroller for the benefit of unknown distributees. In the City of New York such payments are initially made to the City Treasurer (Surrogate’s Ct. Act, § 136-z, subd. [16], § 272) to the credit of the estate and if unclaimed for 20 years it is ultimately paid to the State, subject to withdrawal by lawful claimants of decedent’s estate. Under Federal laws property which escheats to the United States is treated similarly to that which escheats to the State, in that on «application of a lawful claimant at any future time it will be turned over to such claimant {United States v. Jackson, 280 U. S. 183, 193; U. S. Code, tit. 38, §§ 17f, 450 [now §§ 5226, 3202]).
A pensioner has no vested legal right to the funds received. Pensions are the bounties of the Government which Congress has the right to give, withhold or recall {Abbott v. Morgenthau, 93 F. 2d 242, 245, cert. denied 303 U. S. 638). The Federal laws with respect to payment of veterans ’ pensions are binding upon the States (U. S. Const., art. VI, § 2; Matter of McGhee, 149 Misc. 713, affd. 239 App. Div. 763, affd. without opinion 262 N. Y. *465 686). The Government retains a contingent reversionary interest where the pensioner dies possessed of any portion of the gift without known heirs if under the laws of the State the fund would otherwise escheat to the State. Under prior law (36 U. S. Stat. 736) the right of the Government to take the property was based on contract between it and the pensioner that in the. absence of heirs or next of kin it be returned to its source in further aid of veterans. The present law is self-executing and does not require any agreement or contract for the Government’s right to escheat. Such a result has been declared eminently just and equitable (Matter of Lindquist, 25 Cal. 2d 697, cert. denied 325 U. S. 869; Matter of Walker, 25 Cal. 2d 719, cert. denied 325 U. S. 869; Matter of Campbell, 195 Misc. 520). The Government does not have the burden of proving that decedent left no distributees as a condition precedent to its right to the unexpended funds (Matter of Bonner, 192 Misc. 753, 754-758).
The court holds that the net balance herein, which consists entirely of funds derived from pension payments made to decedent, is to be' paid to the Treasurer of the United States, subject to possible claims of distributees presented within five years of decedent’s death, as required by statute (U. S. Code, tit. 38, § 17f [now § 5226]).
Settle decree on notice.