William J. Regan, S.
In this judicial settlement proceeding the question arises as to whether the net proceeds of the estate consisting of personal property vest in the State of New York or in the United States of America.
The decedent was admitted to the Veterans Administration Hospital in Buffalo, New York in October, 1963 and died intestate at said hospital on October 17, 1968. He left him surviving no known heirs or distributees.
SCPA 2222 provides, 11 Where the person entitled to a legacy or distributive share is unknown the decree must direct the fiduciary to pay the amount thereof to the comptroller of the state for the benefit of the person or persons who may thereafter appear to be entitled thereto. ’ ’
Subdivision (a) of section 5220 of title 38 of the United States Code provides: “ Whenever any veteran (admitted as a veteran) shall die while a member or patient in any facility, or any hospital while being furnished care or treatment therein by the Veterans’ Administration, and shall not leave surviving him *770 any spouse, next of kin, or heirs entitled, under the laws of his domicile, to his personal property as to which he dies intestate, all such property, including money and choses in action, owned by him at the time of death and not disposed of by will or otherwise, shall immediately vest in and become the property of the United States as trustee for the sole use and benefit of the General Post Fund (hereafter in this sub-chapter referred to as the ‘fund’), a trust fund prescribed by section 725s(a)(45) of title 31.”
In United States v. Oregon (366 U. S. 643, rehearing den. 368 U. S. 870) the State of Oregon claimed the personal property of a deceased veteran pursuant to the provisions of the escheat statutes of that State. The Federal statute was attacked on the basis that there existed no valid contract between the United States and the veteran and on the further basis that the Federal statute was invalid because it pertains to the devolution of property, a matter wholly reserved to the States by the Tenth Amendment. In an opinion written by Mr. Justice Black it was there held that the Federal statute relied upon does not require a contract and that this statute does not violate the Tenth Amendment.
Under similar circumstances, the State of New York in Matter of Hammond (3 N Y 2d 567, 571) contended that New York does not have an escheat statute but rather a legislatively mandated system of custodial care only with an obligation on the State without time limit to return the funds at any time upon establishment of a claim thereto. In his opinion Judge Desmond stated that “ the word ‘ escheat ’ and the idea behind it need not be restricted to absolute and immediate transfers of title at the moment of death. The New York statutes, recognizing the certainty that the greater part of the abandoned property of various kinds coming into the State’s possession will never be claimed, contemplate that the surplus will eventually be applied by the State to its own uses (see State Finance Law, § 93, subd. 3; § 95). That, it seems to us, is sufficiently an ‘ escheat ’ to come within the intent and obvious purpose of the Federal law.”
Judge Desmond (pp. 571-572) concluded that “the Federal ‘ escheat ’ statute, as authoritatively interpreted (United States v. Jackson, 280 U. S. 183, 193) means just what the State ‘ escheat ’ statutes mean —■ that the unclaimed property will forever be available to any heirs who come forward. The Federal statutory policy so declared and construed is controlling and requires enforcement of the condition on which this pension was paid.”
*771 It is interesting to note that under section '5226 of the Federal statute a lawful heir may make claim to the property if the claim is filed within five years, as opposed to the New York act which makes a claim possible at any time. Nor does the Federal statute apply to real property in view of its specific reference to “ his personal property as to which he dies intestate.”
In view of the above, it is the decision of this court that the net proceeds of this estate should pass to the Treasurer of the United States and the administrator be and he hereby is directed to deliver such proceeds accordingly.