Otto 0. Jaeger, S.
The decedent, an incompetent veteran, was admitted to Matteawan State Hospital for the Insane in 1929. He remained there until 1966 when he was transferred to Pilgrim State Hospital where he died on January 16, 1967, intestate and without known heirs.
In this accounting proceeding by the Public Administrator it appears that all of the assets of the decedent’s estate were derived from benefits paid by the Veterans’ Administration. It is undisputed that in these circumstances the net distributable estate escheats to the United States rather than to the State of New York by virtue of subdivision (e) of section 3202 of title 38 of the United States Code which provides: “(e) Any funds in the hands of a guardian, curator, conservator, o,r person legally vested with the care of the beneficiary or his estate, derived from benefits payable under laws administered by the Veterans’ Administration, which under the law of the State wherein the beneficiary had his last legal residence would escheat to the State, shall escheat to the United States and shall be returned by such guardian, curator, conservator, or person legally vested with the care of the beneficiary or his estate, or by the personal representative of the deceased beneficiary, less legal expenses of any administration necessary to determine that an escheat is in order, to the Veterans’ Administration, and shall be deposited to the credit of the applicable revolving fund, trust fund, or appropriation.”
The only issue to be determined relates to the propriety of the payment of New York estate tax. The account reflects a payment -of said tax in the sum of $867.47, together with interest in the sum of $171.90. The United States Attorney contends that since the property escheats to the United States it cannot be subject to the levy of estate tax imposed by the State of New York.
It should be emphasized at the outset that the funds which escheat to the United States pursuant to subdivision (e) of section 3202 do not vest immediately or absolutely in the United States. “It appears * * * that the Federal Government itself construes the statutory * * * ‘ escheat ’ to the Federal Government of these pension funds to mean and include that on application of a lawful claimant at any future time the money will be turned over. Thus, the Federal ‘ escheat ’ statute as authoritatively interpreted (United States v. Jackson, 280 U. S. *878 183, 193) means just what the State 1 escheat ’ statutes mean— that the unclaimed property will forever be available to any heirs who come forward.” (Matter of Hammond, 3 N Y 2d 567, 571-572). That being the case it is most unlikely that Congress intended to require the return of the pension funds to the Veterans ’ Administration without the prior payment of any estate tax otherwise due to the State. Indeed, the wording of the statute itself indicates that such was not the intent.
Subdivision (e) of section 3202 provides that “ Any funds ” derived from Veterans’ Administration benefits “which under the law of the State * * * would escheat to the State ” shall escheat to the United States and shall be returned to the Veterans’ Administration. Therefore, in order to determine what funds escheat to the United States it is necessary to determine what funds would escheat to the State but for the Federal statute. If under New York law only the balance of the funds remaining after the payment of the New York estate tax would escheat to the State, then it is only that balance which must be returned to the Veterans’ Administration.
Under SCPA 2222 (subd. 1) and sections 600 (subd. 1, par. [b]) and 602 (subd. 2) of the Abandoned Property Law any ‘ ‘ distributive .share ’ ’ to which an unknown person is entitled is payable to the State Comptroller. A “ distributive share ” is an amount available for distribution after the payment not only of administration expenses and debts but also any State or Federal estate taxes (EPTL 4-1.1).
Subdivision (a) of section 952 of the Tax Law imposes a tax “on the transfer of the New York taxable estate” of every deceased resident of the State. It might be well to stress at this point that the tax is not on the property of the ultimate recipient, but is a tax on the “transfer” of the New York taxable estate as defined in the Tax Law.
Under section 953, the New York taxable estate is the New York gross estate less the New York estate tax deductions allowable under section 955. Section 955 provides that the New York estate tax deductions for the estate of a deceased resident mean ‘ ‘ the deductions from his federal gross estate allowable in determining his federal taxable estate under the internal revenue code ”.
The Internal Revenue Code allows no deduction for property which escheats to a State. Section 2055 (subd. [a], par. [1]; U. S. Code, tit. 26, § 2055, subd. [a], par. [1]) of the code allows as a deduction the amount of all ‘ ‘ bequests, legacies, devises, or transfers ” to the United States or to any State. However, we *879 are not here concerned with ¡a bequest, legacy or devise and the word ‘ ‘ transfers ’ ’ as used in the section has been construed as referring only to voluntary transfers and not to a statutory transfer to a State resulting from the death of an intestate without heirs (Senft v. United States, 319 F. 2d 642 [3d Cir., 1963]). It follows that under the Tax Law there is no deduction for property escheating to the State of New York (Matter of Cassel, N. Y. L. J., July 23, 1965, p. 7, col. 6).
The court concludes that under New York law only the balance of the funds remaining after the payment of the New York estate tax would escheat to the State and, therefore, it is only the balance remaining after the payment of the New York estate tax which escheats to the United States and is returnable to the Veterans’ Administration. This conclusion in no way impinges upon the supremacy of the Federal law. It is the Federal statute itself which mandates the application of State law for the purpose of determining what funds are payable to the United States.
The Public Administrator is allowed credit for the amounts shown in Schedule “ C ” as paid to the State Tax Commission. The net balance of the estate shall be paid to the Veterans’ Administration.
The account shall be amended so as to eliminate the credit shown in Schedule “ D ” thereof and the balance on hand shall be increased accordingly.