Pierson B. Hildreth, S.
In this accounting of the Public Administrator the court is asked to determine the validity of a claim filed by the Veterans’ Administration.
The decedent died intestate November 18,1968 without leaving any known distributees. Letters of administration were subsequently granted to the Public Administrator of Suffolk County. The decedent had a son, William F. Strahler, who predeceased her on February 4,1967. The son was a veteran who had taken out a National Service Life Insurance policy in the face amount of $2,500 of which his mother, this decedent, was beneficiary. The policy matured on death of the son veteran but the proceeds were not paid until November 3, 1968. Prior to that date, however, the mother, who was the policy beneficiary, had become incompetent and a committee had been appointed lay a New York Supreme Court.
*135 The Veterans’ Administration then paid the policy proceeds amounting to $2,787.04 to the committee of the decedent. The proceeds represented the face amount of $2,500, plus a premium refund of $23.20, plus a dividend of $267.14, less a lien of $3.30. No deduction whatever was then made by or asserted by the Veterans’ Administration as being owed by the veteran or being due on account of any pension or other benefits which the veteran may have received and for which there was any obligation to repay from the policy. In fact, there is no proof that the veteran had ever received any government pension or other bounty.
In the accounting of the committee a claim for the policy proceeds was filed by the Veterans’ Administration but such claim was denied by the Supreme Court without prejudice to assertion of the claim in the accounting of decedent’s estate. The Veterans’ Administration claims that the policy proceeds should escheat to the United States under subdivision (e) of section 3202 of title 38 of the United States Code. This statute which relates to payment of benefits to veterans states: “ (e) Any funds in the hands of a guardian, curator, conservator, or person legally vested with the care of the beneficiary or his estate, derived from benefits payable under laws administered by the Veterans’ Administration, which under the law of the State wherein the beneficiary had his last legal residence would escheat to the State, shall escheat to the United States and shall be returned by such guardian, curator, conservator, or person legally vested with the care of the beneficiary or his estate, or by the personal representative of the deceased beneficiary, less legal expenses of any administration necessary to determine that an escheat is in order, to the Veterans’ Administration, and shall be deposited to the credit of the applicable revolving fund, trust fund, or appropriation.”
The purpose of the statute has been stated to be to prevent a profit to the State out of funds originally provided to a veteran. If benefits are paid to a veteran by way of compensation, pension or otherwise any balance of such funds remaining in his estate which would otherwise escheat to a State instead will escheat to the United States. Such result has obtained in several cases, all involving estates of deceased veterans. (Matter of Hammond, 3 N Y 2d 567; Matter of Bonner, 192 Misc. 753; Matter of Campbell, 195 Misc, 520; Matter of Milnowski, 3 Misc 2d 730; Matter of Began, 18 Misc 2d 463; Matter of Rodgers, 60 Misc 2d 769; Matter of O’Brine, 66 Misc 2d 876.)
The decedent here is not the veteran. There is no proof she received any pension or other benefit from the government. The *136 National Service Life Insurance policy belonged to the veteran who presumably paid the premiums, and on his death the proceeds were paid to the beneficiary who was his mother. There is no proof she was vested with his care. The veteran himself did not die without distributees, hence his estate was not subject to any escheat. No authority has been brought to the attention of the court that the net proceeds of a National Service Life Insurance policy payable to a third-party beneficiary are subject to the provisions of title 38. Such proceeds after satisfaction of any obligations of the veteran payable from the proceeds become property of the beneficiary unconnected with any governmental benefits.
The decedent here has no known distributees and since the person or persons entitled to whatever remains in the estate after payment of proper expenses and charges is unknown, the balance will be paid to the Comptroller of the State of New York pursuant to ;SCPA 2222 for the benefit of whoever may thereafter appear and be entitled. If, as appears, there are no such persons, there is an escheat to the State. The Public Administrator received from the committee of decedent assets amounting to over $30,000 which are now accounted for. But no part of the policy proceeds are traceable to assets held by the Public Administrator. Both the Attorney-General and the guardian ad litem for unknown distributees oppose the claim. They assert, and there is no proof to the contrary, that the entire policy proceeds as well as a substantial portion of the other funds were expended by the committee in payment of obligations of the incompetent including over $6,000 repayment to the Suffolk County Department of Social Services for advances made for care of the incompetent. The claim is also opposed on the ground that premiums on the policy were paid by the veteran after his termination of service and hence were not gratuitous payments or benefits made to a veteran which he is, obligated to repay.
The court holds that the net policy proceeds became the absolute property of the beneficiary after death of the veteran, not subject to recapture by the Veterans’ Administration. Accordingly, the claim is held to be without validity, and is dismissed.