Cooke, J.
(dissenting). I dissent and vote to reverse the order of the Appellate Division.
The clear and unmistakable congressional intent of subdivision (e) of section 3202 of title 38 of the US Code is that "[a]ny funds * * * derived from benefits payable under laws administered by the Veterans’ Administration” and granted to an individual who thereafter dies intestate and without heirs, automatically revert to the United States. Courts of other jurisdictions, when faced with similar situations, have held that the entirety of the funds is returnable, without being diminished by State imposed taxation, under the theory that the United States has retained a reversionary interest (e.g., Matter of Plich, 141 Col 425; Coakley v Attorney General, 318 *87 Mass 508; Matter of Gonsky , 79 ND 123; Matter of Warpouske, 222 Ore 40, revd on other grounds sub nom. United States v Oregon, 366 US 643). It was emphatically stated in Plich (supra, p 432): "In view of the federal legislative intent it must be said that * * * any funds received by a veteran belong to him contingent upon his spending them or leaving heirs to inherit them; and, that federal moneys so received * * * are in the status of a contingent gift with a right of reversion in the donor if the beneficiary thereof dies without heirs.” Our court implicitly recognized this interest in Matter of Hammond (3 NY2d 567, 570-571), when it stated: "Subdivision (3) of section 450 of title 38 of the United States Code is a plain statement that whenever Federal war pension funds in a decedent’s estate would otherwise escheat to a State, they are to escheat to the Federal Government to be used by the Veterans’ Administration. A similar purpose of preventing profit to a State out of funds originally provided by the United States Veterans’ Administration is expressed in other related Federal laws (see US Code, tit 38, §§ 17, 451, 512, 514, 686c). There can be no doubt of the power of Congress to attach such a condition to the grant of a war pension (United States v Hall, 98 US 343, 346, 347; see Matter of Price, 199 Misc 833). The only dispute is as to whether there is here present the condition prescribed by the Federal law for reverter — that is, would this money under our State law 'escheat’ to New York State if not recaptured by the Federal Government?” (Emphasis supplied.)
The statutory provisions, relied upon by the majority, are not persuasive. In each instance, the statute presupposes the existence of an heir or distributee, a situation not present here. The Supplementary Practice Commentary by Allan R. Lipman (McKinney’s Cons Laws of NY, Book 58A, 1974-1975 Supp, SCPA 2222) aptly notes the importance of this distinction: "This section does not apply to personal property owned by a veteran who at the time of his death is a patient in a Veterans’ Administration Hospital. Under 38 U.S.C.A. § 5220 (a), whenever a veteran dies while a patient in a veterans’ hospital and leaves no survivors or heirs entitled to the personal property as to which he dies intestate, all such property immediately vests in and becomes the property of the United States as trustee.”
Although the language of subdivision (a) of section 5220 of title 38 of the US Code is different from that of subdivision (e) *88 of section 3202 of title 38 of the US Code, the underlying intent is the same and a corresponding result should obtain.
In the instant case when the decedent passed away, without heirs, the money reverted to the United States pursuant to subdivision (e) of section 3202 of the US Code leaving nothing that was transferable by him. This being the case, no basis exists for the imposition of an estate tax predicated upon a "transfer” (Tax Law, § 952).
Chief Judge Breitel and Judges Jasen and Gabrielli concur with Judge Jones; Judge Cooke dissents and votes to reverse in a separate opinion in which Judges Wachtler and Fuchsberg concur.
Order affirmed, without costs.