*Ex parte* ESTADOS UNIDOS DE AMÉRICA.

*Número:* R-76-414          *Resuelto:* 25 de abril de 1977

*Julio Morales Sánchez, Fiscal Federal,* y *José A. Anglada, Fiscal Federal Auxiliar,* abogados de los Estados Unidos de América; *Roberto Armstrong, Jr., Procurador General Interino,* y *Maggie Correa Avilés, Procuradora General Auxiliar,* abogados del Estado Libre Asociado de Puerto Rico.

EL JUEZ PRESIDENTE SEÑOR TRÍAS MONGE emitió la opinión del Tribunal.

Don Antonio Santiago fue declarado incapaz por el Tribunal Superior el 9 de diciembre de 1968. Se nombró tutor a don Elpidio Mercado Ruiz. A partir de esa fecha y hasta la muerte de don Antonio, acaecida el 15 de junio de 1973, la Administración de Veteranos envió a dicho tutor la pensión correspondiente.

A la muerte de don Antonio, el informe final de cuentas del tutor mostró un balance favorable a la tutela de $7,493.16. Se retuvo esta suma bajo la custodia del tribunal y a la disposición de los herederos que en su día determinase la corte.

El 30 de octubre de 1974 el tribunal declaró única y universal heredera de don Antonio Santiago a su hija, doña Vi-

centa Santiago. El señor Elpidio Mercado, en representación de la heredera, comenzó a realizar los trámites necesarios para tomar posesión de los fondos consignados en el tribunal. Estas gestiones se vieron frustradas por la muerte de doña Vicenta el 3 de marzo de 1975.

Doña Vicenta no dejó testamento. Tampoco la sobrevivieron ascendientes, descendientes, cónyuge o colaterales dentro del sexto grado de consanguinidad. Los Estados Unidos de América radicaron una declaratoria de herederos por entender que la versión presente de 38 U.S.C. sec. 3202 (e) exige la restitución de la suma consignada en el tribunal. El Estado Libre Asociado se opuso a esta solicitud, sosteniendo que tal dinero le corresponde en virtud de los Arts. 912 y 913 del Código Civil, 31 L.P.R.A. secs. 2691 y 2692. ([1]) El Tribunal Superior declaró único y universal heredero de doña Vicenta Santiago al Estado Libre Asociado. Los Estados Unidos de América acudieron ante nos en alzada. Dictamos orden de mostrar causa por la cual no debe revocarse la resolución del Tribunal Superior.

La referida Sec. 3202 (e) de 38 U.S.C. dispone, a partir del 31 de mayo de 1974:

"Los fondos provenientes de beneficios pagados al amparo de las leyes implementadas por la *Administración de Veteranos*, que estén bajo la custodia de un fiduciario nombrado por un tribunal estatal o por dicha Agencia y que en virtud de las correspondientes leyes sucesorales serían transferidos al Estado donde el beneficiario tuvo su última residencia, revertirán a los Estados Unidos. . . ." (Traducción nuestra.)

---

([1]) Los artículos citados expresan:

"Sec. 2691. A falta de personas que tengan derecho de heredar, conforme a lo dispuesto en los precedentes subcapítulos, heredará el Estado Libre Asociado de Puerto Rico, destinándose los bienes al 'Fondo de la Universidad'."

"Sec. 2692. Para que el Estado Libre Asociado de Puerto Rico pueda apoderarse de los bienes hereditarios habrá de preceder declaración judicial de heredero, adjudicándole los bienes por falta de herederos legítimos."

Con anterioridad a dicha fecha la referida sección especificaba: (²)

"Los fondos provenientes de beneficios pagados al amparo de las leyes implementadas por la Administración de Veteranos, que estén bajo la custodia de un tutor o de una persona que legalmente estuviese a cargo del beneficiario o su patrimonio, y que en virtud de las correspondientes leyes sucesorales serían transferidos al Estado donde el beneficiario tuvo su última residencia, revertirán a los Estados Unidos. . . ." (Traducción nuestra.)

El Estado Libre Asociado argumenta que el término "fiduciario" empleado en la versión vigente de la ley comprende tan solo un fideicomiso debidamente constituido.

■ No es válido el argumento. El historial legislativo de la enmienda a la Sec. 3202 (e) efectuada el 31 de mayo de 1974 por la *Veterans' Disability Compensation and Survivors' Benefit Act of 1974*, Ley Púb. Núm. 93–295, Título III, sec. 301 (c), revela que obedeció al propósito de liberalizar aun más las disposiciones entonces vigentes. *Sen. Rep. No. 93–798*, 1 de mayo de 1974, *U.S. Cong. & Adm. News*, 93ʳ Cong., 2ª Ses., parte 2, págs. 3224–3225 y 3237. La palabra "fiduciario" se utilizó a todas luces para abarcar toda posible relación fiduciaria, formal e informal, reconocida en el derecho estadounidense. La versión vigente de la Sec. 3202 (e), tan distinta a la anterior, es parte de una larga serie de leyes en que el Congreso reitera de modo cada vez más explícito y amplio su intención de que los fondos derivados de beneficios a veteranos que, de aplicarse la ley del estado de su última residencia se heredarían por el Estado, (³) habrán de revertir en vez a Estados Unidos. No armonizaría con este historial la exigencia de que se constituyese un fideicomiso formalmente bajo las leyes de Puerto Rico como condición para

---

(²) *Veterans' Benefit Act of 1957*, Pub. L. 85–86, 17 de junio de 1957, 71 Stat. 136.

(³) La voz "estado", según se utiliza en estas leyes, incluye a Puerto Rico. Véase: 38 U.S.C. sec. 101 (20).

aplicar la Sec. 3202 (e). Los fondos en el caso de autos estaban incuestionablemente bajo custodia fiduciaria.

Aun bajo la versión de 1957, antes citada, la jurisprudencia recalca la intención del Congreso de evitar la transmisión a los estados por vía de herencia de fondos derivados de beneficios a veteranos. Se afirmó en *In re Plich's Estate*, 348 P.2d 706, 709 (Colo. 1960) :

". . . El Congreso tuvo la intención ⸱de que regresase a su fuente de origen el dinero proveniente de las pensiones recibidas y conservadas por un veterano que eventualmente falleciese sin dejar herederos legales. De esta forma el dinero podría utilizarse en programas conducentes a ayudar a otros veteranos o por lo menos, ayudaría a aminorar el costo de ⸱dichos programas. Desde luego, nunca se contempló la idea de que esos fondos, a través del mecanismo de ⸱la reversión, pudiesen constituir una ganancia inesperada para el Estado." (Traducción nuestra.)

En *In re Price's Estate*, 104 N.Y.S.2d 518, 520 (Surr. Ct. 1951), se dijo:

"Fue la intención del Congreso que ningún estado se beneficiase de los fondos administrados por la Administración de Veteranos." (Traducción nuestra.)

Al mismo efecto: *In re Hammond's Estate*, 154 N.Y.S.2d 820, 822 (1956) ; *In re Campbell's Estate*, 89 N.Y.S.2d 310 (1949).

Es de advertir que en este caso, no obstante, el veterano dejó una heredera. Es la muerte de ella y no la de él la que crea el problema de reversión. ¿Se aplica la Sec. 3202 (e) a tal situación de hechos? En *In re Strahler's Estate*, 359 N.Y.S.2d 481 (Surr. Ct. 1974), se resolvió que no. Se trataba allí del pago de un beneficio efectuado a la madre incapacitada de un veterano fallecido. Al morir la madre intestada y sin herederos, el gobierno federal quiso impedir que dicho beneficio revirtiese al estado. El tribunal señaló que la madre no era veterana y que la legislación que nos ocupa no le per-

mitía al gobierno de Estados Unidos recuperar los beneficios pagados a ella. No hemos hallado jurisprudencia en contrario.

■ Conforme el Art. 603 del Código Civil, 31 L.P.R.A. sec. 2085, "Los derechos a la sucesión de una persona se transmiten desde el momento de su muerte." Doña Vicenta Santiago adquirió pleno derecho al balance favorable de la tutela desde el propio 15 de junio de 1973, fecha de la muerte de su padre. No puede derrotar el derecho de doña Vicenta a la herencia de su padre la tardanza en el trámite del pago de los fondos en custodia. La Sec. 3202(e) no se aplica a este caso. Doña Vicenta no era una "beneficiaria" dentro del significado de dicha disposición; era una heredera. La reversión al gobierno de Estados Unidos de beneficios derivados de las leyes sobre veteranos y bajo la custodia de un fiduciario es mandatoria cuando el beneficiario muere intestado y sin ascendientes, descendientes o colaterales. Tal derecho de reversión se extingue cuando el beneficiario deja herederos o legatarios.

*Se expide el auto y se confirma la sentencia apelada.*